(101 App. Div. 383)

STUMPF v. HALLAHAN et al.

(Supreme Court, Appellate Division, First Department.  February 10, 1905.)

1. CONTRACTS—PERFORMANCE—WHAT LAW GOVERNS.

Where residents of New York executed a bond to a resident of New Jersey, secured by mortgage on property in the latter state, and the mortgagee foreclosed in that state, the rights of the parties under the contract were governed by the laws of New Jersey, requiring an action for a deficiency to be brought within six months after foreclosure sale.

2. DIRECTION OF VERDICT—FORM.

Where at the close of the evidence the court reached a conclusion favorable to defendant, who moved for dismissal, a verdict for defendant should have been directed, and 'a direction to return a "verdict of nonsuit" was erroneous in form.

Appeal from Trial Term, New York County.

Action by Charles Stumpf against John Hallahan and James Ahearn.  From a judgment for defendants, plaintiff appeals.  Modified.

This action is brought upon a bond made by the defendants to Caroline F. Harrison, to recover for a deficiency arising from the foreclosing of a mortgage covering lands in New Jersey given to secure the bond.  The bond in suit was made under the following circumstances:  On the 5th of May, 1897, Meya R. Sedgwick, a resident of New York City, being the owner of certain premises in Llewellyn Park, Orange, N. J., entered into a contract with the defendants, Hallahan and Ahearn, who were also residents of the city of New York, and the owners of the premises No. 280 Manhattan avenue, in that city, whereby it was agreed that she should purchase No. 280 Manhattan avenue for the sum of $64,000, payable as follows:  $32,000 by taking title subject to a mortgage for that amount; $30,000 by conveying to Hallahan and Ahearn the Llewellyn Park property; and $2,000 in cash.  By the terms of this contract, Mrs, Sedg-. wick further agreed to procure for Hallahan and Ahearn a mortgage on the Llewellyn Park property for the sum of $13,000 at 6 per cent., to be made simultaneously with the transfer of the title.  Pursuant to this contract, Mrs. Sedgwick procured from Caroline F. Harrison, of East Orange, N. J., a loan of $13,000, to be secured by a purchase-money mortgage on the Llewellyn Park property.  The closing of the transaction, including the exchanging of the properties and the execution and delivery of the bond in suit, with the mortgage, was done in New York City.  Thereafter the defendants paid to attorneys representing the mortgages in New York City the six-months interest due November 14, 1897.  By deed dated April 1, 1898, the defendants conveyed the Llewellyn Park property to one Joseph E. Weed, who accepted the conveyance subject to the aforesaid mortgage of $13,000, which he assumed and agreed to pay.  The purchaser thereafter defaulted in the payment of interest.  The mortgagee, Caroline F. Harrison, commenced suit in the Court of Chancery, state of New Jersey, to foreclose the mortgage, making Weed and one Vandervoort, a subsequent incumbrancer, parties thereto, and judgment of foreclosure and sale was entered, and the property sold to the said Caroline F. Harrison for $10,000.  The amount due on the bond and mortgage at that time was $13,988.03, and for the amount of the deficiency, together with interest thereon, this action was brought.  These defendants were not joined as parties to the foreclosure action, and no demand was made upon them until a few days before this action was instituted.  The bond in suit was assigned to the plaintiff.  Upon the trial, defendants tendered to the plaintiff in cash the sum of $18,500 for the property, which included the amount of the mortgage, principal, interest, taxes, etc., which was refused.  At the end of the whole case, plaintiff moved for a direction of a verdict, and the defendants for a dismissal of the complaint.  The court directed the jury to return a verdict of nonsuit, and it is from the judgment entered thereon that this appeal is taken.

Argued before VAN BRUNT, P. J., and HATCH, PATTER-SON, O'BRIEN, and LAUGHLIN, JJ.

Robert L. Harrison, for appellant.

. M. J. Earley (Joseph A. Farley, of counsel), for respondents.

O'BRIEN, J. In this action on the bond for a deficiency arising from the foreclosure of the mortgage covering lands in New Jersey given to secure the bond, the defendants, among others, interposed as a defense the statute of New Jersey regulating proceedings to recover on bonds and mortgages, and the foreclosure and sale of property thereunder. That statute, among other things, provided that in all cases where a bond and mortgage were given for the same indebtedness the proceedings to collect the debt shall be, first, to foreclose the mortgage, but no deficiency judgment can be obtained in a foreclosure action; second, if the property does not sell for enough to satisfy the debt, interest, and costs, an action may be brought on the bond for deficiency within six months after the sale; third, if the mortgagee recovers a judgment for the deficiency in an action on the bond, the foreclosure is opened, and the mortgagor may redeem within six months after the entry of judgment.

The point upon which the learned trial judge decided the case was that this New Jersey statute was binding, and was a bar to the maintenance of this action. It follows, therefore, that the question which is presented for our determination upon this appeal is as to whether the bond in suit is governed by the law of New York, or by the law of New Jersey. Some of the general rules respecting the law of place summarized by the appellant, which we regard as settled, may be stated: First, all matter bearing upon the execution, interpretation, and validity of contracts, including the capacity of the parties to the contract, are determined by the law of the place where the contract is made (Union National Bank of Chicago v. Chapman, 169 N. Y. 538, 62 N. E. 672, 57 L. R. A. 513, 88 Am. St. Rep. 614); second, all matters connected with its performance are regulated by the law of the place where the contract, by its terms, is to be performed; third, if no place of performance is mentioned in the contract, a presumption arises that the parties intend that it should be performed where it is made; fourth, contracts referring to the transfer of title to land are governed by the law of the place where the land is situated; fifth, all matters respecting the remedy to be pursued, including the bringing of suit, etc., depend upon the law of the place where the action is brought. These general rules are subordinate to the primary canon of construction, which requires that, where it can be ascertained, the intention of the parties shall govern. Thus, though it may be stated generally that a contract is to be considered and determined under the law of the state where it was made, this rule is of no force in a case where it can be fairly said that the parties at the time of its execution manifested an intention that it should be governed by the laws of another state, or, differently expressed,

"where the contract is either expressly or tacitly to be performed in another place than where made, there the general rule is in conformity to the presumed intention of the parties, that the contract as to its validity, nature, obligation, and interpretation is to be governed by the law of the place of performance." Storey on Conflict of Laws (8th Ed.) § 280.

As indicative of the intention of the parties as to the law of the place which should govern, we start first with the proposition, not to be disputed, that the bond and mortgage constituted one contract, and are to be considered together. Examining them, we find that the obligee was a resident of New Jersey; that the bond was secured by mortgage on lands in New Jersey; that the bond is made in reference to the laws of New Jersey, that being the state in which the lands mortgaged to secure the payment of said bond were situate; and that the obligee foreclosed the mortgage in New Jersey, thus taking advantage of the laws of that state in respect to the foreclosure. We say that the bond was payable in New Jersey because, that being the residence of the mortgagee, the law requires that the debtor must seek the residence of the creditor for the purpose of discharging the debt. Though not a conclusive consideration, the manifest injustice of applying any other rule to the facts here appearing is apparent. By the conveyance to Weed, in which he assumed and agreed to pay the mortgage debt, the relation of principal and surety was created as between the parties. The mortgagee must be held to have legally received notice by the recording of the deed, and she must have had actual notice at the time of the commencement of her foreclosure suit. She was not at liberty to disregard the relationship thus created, or do any act prejudicial to the interests and rights of the surety. She neglected, however, to notify them or make them parties in the foreclosure action, and thus elected to make the land the primary fund; and, by selling it as she did, the defendants lost their rights to protect the security, or do what they could to protect themselves against a deficiency. Had they brought suit in New Jersey within the six months, as provided by statute, the defendants would have had the right to redeem. Instead, however, of following that remedy, she waited nearly three years before proceeding upon the bond, and then, the land having gone forever, the defendants were unable to protect themselves, and could no longer redeem; and, although upon the trial the defendants tendered the full amount due, the mortgagee was unable or unwilling to restore to the defendants the property.

We deem it unnecessary to decide the point as to whether or not the failure to make the defendants parties in the foreclosure suit and the proceedings taken to sell the property discharged the defendants, because, upon the first proposition which we discussed— as to whether it was the law of New York or the law of New Jersey that should govern—we have sufficiently indicated our view that the law of New Jersey must govern. Under the statute of that state, the right to proceed upon the bond for a deficiency was

barred, and the learned trial judge was right in holding that the plaintiff's action could not be maintained.

In directing a nonsuit which is an anomaly, there was an error in form. The learned trial judge, having reached a correct conclusion in favor of the defendants, should have directed the jury to find a verdict in their favor. This, however, is a mere error in form, which should be corrected, and the judgment should be accordingly modified, and, as so modified, affirmed, without costs. All concur.