## HUTCHINSON v. WARD et al.

(Supreme Court, Appellate Division, First Department. June 15, 1906.)

1. CONTRACTS—CONSTRUCTION—STATUTES AS PART OF CONTRACT.

Existing laws giving rights to parties to a contract or limiting their rights become part of the contract as though specifically set forth therein.

[Ed. Note.—For cases in point, see vol. 11, Cent. Dig. Contracts, § 750.]

2. MORTGAGES—FORECLOSURE—DEFICIENCY—RIGHT TO SUE ON BOND—APPLICATION OF NEW JERSEY STATUTE.

Under Gen. St. N. J. p. 2112, §§ 47, 48, providing that on foreclosure of a real estate mortgage, no deficiency judgment can be obtained, but that if the property does not sell for enough to satisfy the debt, an action may be brought within six months upon the bond for the deficiency, in which case the foreclosure is opened, and the mortgagor may redeem within six months, suit cannot, after a foreclosure in New Jersey, be maintained in New York upon the bond as a common law obligation irrespective of the New Jersey statute.

3. APPEAL—MODE OF TRIAL—OBJECTIONS—WAIVER.

Where plaintiff consented to a trial by the court, did not object to the discharge of the jury, or the reservation of the judge's decision, and presented requests to find, and filed exceptions to the decision, he consented to the manner of trial, and could not complain thereof on appeal.

Ingraham, J., dissenting.

Appeal from Trial Term, New York County.

Action by Robert H. Hutchinson, Jr., against Caroline S. Ward and another. From a judgment in favor of plaintiff, defendants appeal. Reversed and remanded.

Argued before O'BRIEN, P. J., and McLAUGHLIN, INGRAHAM and HOUGHTON, JJ.

Edmund L. Mooney, for appellants.
P. Harwood Vernon, for respondent.

HOUGHTON, J. The defendants gave a bond to accompany a mortgage executed by them upon lands in the state of New Jersey. The mortgage was foreclosed and on a sale of the premises a deficiency arose, to recover which this action is brought upon the bond alone. All parties were residents of the state of New Jersey at the time of the giving of the mortgage, and after a sale of the premises the mortgagee assigned his claim to such deficiency to this plaintiff, a resident of this state. The obligors had become residents of this state or were temporarily sojourning here, and process was served upon them. By their answer they plead the statute of the state of New Jersey which, in effect, provides that on a foreclosure of a mortgage upon lands in that state no deficiency judgment can be obtained, but if the property does not sell for enough to satisfy the debt with interest and costs, an action within six months may be brought upon the bond for such deficiency; but in case such action is brought, the foreclosure is opened and the mortgagor may redeem within six months after the entry of judgment thereon. Gen. St. N. J. p. 2112, §§ 47, 48.

The plaintiff insists that the bond is a mere common-law obligation, and that if any deficiency has arisen by foreclosure of the mortgage which accompanied it, such deficiency can be recovered according to the

practice of any jurisdiction in which the obligors may be found, irrespective of the special provisions of the statute of the state where the bond was given and the mortgage accompanying it executed, regulating the foreclosure of the mortgage and the collection of any deficiency thereon, and the trial court substantially so found.

This court considered this same statute in the case of Stumpf v. Hallahan, 101 App. Div. 363, 91 N. Y. Supp. 1062. While the precise question involved in the present case was not there presented, the principles laid down are controlling against plaintiff's contention, for we there held that no action could be brought after the six months provided by the statute has expired, irrespective of any statute of limitation which might apply to the bond itself as a common-law obligation. This in effect was a holding that the bond was not a common-law obligation to be enforced in this state as such; but that its enforcement was regulated by the statute law of the foreign state existing at the time it was given. Many embarrassing features of that case do not appear in the present one, for here the mortgagors and obligors and the mortgagee and obligee were all residents of the state of New Jersey at the time the bond was given and the mortgage executed upon lands there situated. The bond and mortgage were given at the same time; the one intended to accompany the other. They were New Jersey contracts, and it must be assumed that it was intended by the parties that they should be controlled by the existing laws of that state; not only as to their binding force but as to their manner of enforcement. Existing laws giving rights to parties to a contract or limiting their rights, become a part of the contract as though specifically set forth therein. Union Nat. Bank v. Chapman, 169 N. Y. 538, 62 N. E. 672, 57 L. R. A. 513, 88 Am. St. Rep. 614; McCracken v. Hayward, 2 How. (U. S.) 608, 11 L. Ed. 397; Bronson v. Kinzie, 1 How. (U. S.) 311, 11 L. Ed. 143.

It would hardly be contended that the plaintiff's assignor could have foreclosed his mortgage in any other manner than that provided by the statute. He having followed the statute in his foreclosure, and a deficiency having arisen, we think he was bound to pursue the remedy provided by the statute for its collection, and that he could not come into a foreign state, having sold the property under the statute, and, ignoring the statute, sue upon the bond as a common-law obligation. By the New Jersey statute, in case action is brought upon the bond to recover the deficiency arising upon sale, the mortgagor may redeem at any time within six months after entry of judgment therefor. Of course, the statute means entry of judgment in that state. The mortgagee took his mortgage subject to the existing laws respecting its collection, and subject also to this peculiar and wholesome right of his mortgagor. Entry of judgment on the bond in this state would not give the mortgagor the right to redeem, and if this action were permitted to be maintained he would be compelled to pay the deficiency and be deprived of the right to redeem the mortgaged property. The extent of loss which might be thus occasioned is well illustrated by the fact that the present deficiency is more than four-fifths of the amount of the original mortgage.

Where the right asserted and the remedy provided are of such a nature that they cannot be given any practical effect in this state without injustice to our own citizens, our courts will not permit action to be maintained, but will remit the parties to the forum creating the peculiar right and the particular remedy. Marshall v. Sherman, 148 N. Y. 9, 42 N. E. 419, 34 L. R. A. 757, 51 Am. St. Rep. 654. We do not concur in the appellants' contention that there was a mistrial. The case on appeal clearly indicates that both parties conceded the question presented was one of law to be decided by the justice presiding at the trial; for which reason they were willing the jury should be discharged and the matter determined by him as though sitting at Special Term. Defendants' counsel did not object to the discharge of the jury or to the learned justice reserving his decision, nor was any protest made or exception taken to such disposition of the case. In the absence of some protest, he must be deemed to have acquiesced in the course pursued. Especially is this so where counsel subsequently presented requests to find and filed exceptions to the decision, thus clearly indicating that what was done was by consent. The litigants could consent that the case be tried without a jury or, if a jury had been impaneled, that it be discharged and the trial finished without its aid. Such was the legal effect of what took place, and neither party is in a position to complain.

The judgment should be reversed, and a new trial granted, with costs to the appellants to abide the event. All concur, except INGRAHAM, J., who dissents.

INGRAHAM, J. (dissenting). I think that this judgment should be affirmed. In 101 App. Div. 383, 91 N. Y. Supp. 1062, it was held that the short statute of limitation provided for there in the Jersey statute can be a defense interposed in this state that the other provisions of this statute are not available as a defense. We are not concerned with the recovery of the balance of the mortgage debt under the provisions of section 2 of the amendatory act of March 23, 1881, of the state of New Jersey (P. L. p. 184), as the effect of such recovery should be left to the courts of New Jersey where the property is situated. There is nothing in either the original or amendatory act which prevents the plaintiff from beginning an action in this state provided that the action is commenced within six months after the sale of the mortgaged premises which confessedly this action was. Whether or not the defendant was entitled to redeem is not before us, and that question can be determined by the courts of New Jersey if the defendant wishes to redeem. As to the point raised by the defendant that there was a mistrial of the action both parties had moved for a direction of a verdict and imposed upon the court the duty of deciding both the facts and the law, whereupon the court without objection discharged the jury and subsequently decided both the facts and the law. If the judge, however, had directed a verdict, no question would have been presented, and where the jury has been discharged there certainly was no mistrial, unless the course of the judge was objected to by the parties. No objection was made as to the right of the judge, and any right therefor was waived.