ROBERT H. HUTCHINSON, JR., Appellant, *v.* CAROLINE S. WARD
et al., Respondents.

1. COMITY — WHEN COURTS OF THIS STATE WILL ENFORCE RIGHT OF
ACTION ARISING IN FOREIGN STATE. The courts of this state are open
to all suitors and will enforce transitory rights of action, where the lia-
bility asserted is recognized by the common law, is contractual in its
nature and is not violative of our public policy. This obligation of
comity is only denied where a foreign statute is sought to be enforced
against a citizen, which has created a liability, or has granted a remedy,
unknown to the common law, or contrary to our declared policy.

2. JURISDICTION — WHEN ACTION ON BOND EXECUTED IN FOREIGN
STATE TO RECOVER DEFICIENCY ON SALE IN FORECLOSURE MAINTAIN-
ABLE IN THIS STATE. Where a statute of a foreign state prescribes that
in the event of a deficiency on a sale of mortgaged premises under fore-
closure proceedings it shall be lawful to proceed on the bond, accompany-
ing the mortgage, for such deficiency, but that the action must be com-
menced within six months from the date of the sale of the mortgaged
premises, and there is no other restriction in the statute in regard to the
action nor any provision therein confining it to the courts of that state,
such an action is maintainable in the courts of this state, if brought within
the time prescribed by the statute, where the obligors on the bond have
since removed to this state, since the action is one to enforce a common-
law liability, and the action is transitory in its nature and is maintainable
outside of the state where the contract was made.

3. SAME. A contention that to allow a recovery upon the bond in this
state would work injustice, inasmuch as the obligors would be compelled
to pay the deficiency arising on the mortgage sale, and would be deprived
of the right to bring an action for the redemption of the mortgaged prem-
ises, given by the foreign statute where a judgment has been recovered
on the bond, cannot be considered of any force, where there is nothing
in such statute limiting the right to sue in redemption to a case where the
judgment on the bond has been obtained in the courts of such foreign
state, and, for all that appears, the obligors, upon the recovery of a judg-
ment against them in this state, may bring their action to redeem in the
courts of the foreign state and set up the judgment as ground for the
equitable relief demanded.

*Hutchinson* v. *Ward*, 118 App. Div. 910, reversed.

(Argued May 27, 1908; decided June 12, 1908.)

APPEAL from a judgment of the Appellate Division of the
Supreme Court in the first judicial department, entered March

30, 1907, affirming a judgment in favor of defendants entered upon a verdict directed by the court and an order denying a motion for a new trial.

The action was brought to recover the amount remaining due upon a bond, given by the defendants upon the execution of a mortgage upon real property in New Jersey, after applying the proceeds derived from a sale under a decree of the Court of Chancery of that state, had in foreclosure proceedings. The plaintiff is the assignee of the obligee in the bond. The parties to the bond and mortgage were residents of the state of New Jersey at the time of the execution of the instruments and that fact is so recited, and is not disputed. Nor is it disputed that the bond and mortgage are for the same debt and parts of one transaction. At the time of their execution the statutes of New Jersey (Gen. Stat. vol. 2, p. 2111, as amended by an act passed March 23, 1881), contained provisions " concerning proceedings on bonds and mortgages given for the same indebtedness and the foreclosure and sale of mortgaged premises thereunder." They were pleaded in defense of the action and they read as follows: " That in all cases where a bond and mortgage has or may hereafter be given for the same debt, all proceedings to collect said debt shall be, first, to foreclose the mortgage, and if at the sale of the mortgaged premises under said foreclosure proceedings the said premises shall not sell for a sum sufficient to satisfy said debt, interest and costs, then and in such case it shall be lawful to proceed on the bond for the deficiency, and that all suits on said bond shall be commenced within six months from the date of the sale of said mortgaged premises, and judgment shall be rendered and execution issue only for the balance of debt and costs of suit. That if, after the foreclosure and sale of any mortgaged premises, the person who is entitled to the debt shall recover a judgment in a suit on said bond for any balance of debt, such recovery shall open the foreclosure and sale of said premises, and the person against whom the judgment has been recovered may redeem the property by paying the full amount of money for which

the decree was rendered, with interest to be computed from
the date of said decree and all costs of proceedings on the
bond; provided, that a suit for redemption is brought within
six months after the entry of such judgment for the balance
of the debt." This action was commenced within six months
after the sale of the mortgaged premises. The record in the
foreclosure action shows that the defendants were served as
non-residents of the state. They allege in the answer in the
present action that they were residents of the state of New
Jersey; but they offered no evidence in support of the alle-
gation and they objected to evidence on the subject of resi-
dence offered by the plaintiff. At the trial, both parties
moved for the direction of a verdict and the court directed
such in favor of the defendants and the judgment thereupon
was affirmed by the Appellate Division. The plaintiff now
appeals to this court.

*P. Harwood Vernon* for appellant. There is nothing in
the New Jersey statute which confines proceedings on the
bond for a deficiency to the courts of that state. (12 Ency. of
Pl. & Pr. 137; Story on Confl. of Laws [8th ed.] § 358;
*Marshall* v. *Sherman*, 148 N. Y. 9; *Mershon* v. *Castree*, 57
N. J. L. 484; Sedgw. on Stat. & Const. Law [2d ed.], 363.)
The New Jersey statute does not, as contended by the defend-
ants, provide a special and peculiar remedy which can be pur-
sued only within that state. (*Marshall* v. *Sherman*, 148
N. Y. 9; *K. T. Co.* v. *Iselin*, 185 N. Y. 54; Minor on Confl.
of Laws, 27; *Post & Co.* v. *T., etc., R. R. Co.*, 144 Mass.
341.) No injustice to our own citizens can result from per-
mitting an action to be maintained in this state to recover a
deficiency arising upon the foreclosure of a mortgage on real
property in New Jersey. (*Erickson* v. *Nesmith*, 81 Mass.
221.)

*Edmund L. Mooney* and *Frederick A. Card* for respond-
ents. Existing laws giving rights to a party to a contract, or
limiting their rights, become part of the contract as though
specifically set forth therein, and when by statute a special

and peculiar remedy is provided, the remedy must be pursued in the state where the contract is made and the remedy provided. (*Marshall* v. *Sherman*, 148 N. Y. 9 ; *Bank of China* v. *Morse*, 168 N. Y. 458 ; *K. T. Co.* v. *Iselin*, 185 N. Y. 54 ; *Stumpf* v. *Hallahan*, 185 N. Y. 550 ; *Miller* v. *Brenham*, 68 N. Y. 83 ; *Hosford* v. *Nichols*, 1 Paige, 220 ; *Ætna Insurance Co.* v. *Aldrich*, 26 N. Y. 92.)

GRAY, J. The trial court, in directing judgment for the defendants, followed the decision of the Appellate Division upon a previous appeal. (114 App. Div. 156.) It was then held that the bond and mortgage "were New Jersey contracts * * * intended by the parties that they should be controlled by the existing laws of that state ; " that the plaintiff's assignor "having followed the statute in his foreclosure, and a deficiency having arisen, * * * he was bound to pursue the remedy provided by the statute for its collection and that he could not come into a foreign state * * * and sue upon the bond as a common law obligation," and that "if this action were permitted to be maintained the mortgagor would be compelled to pay the deficiency and be deprived of the right to redeem the mortgaged property." Having thus held, in effect, that the bond was not a common-law obligation and that the plaintiff was confined to the courts of the state of New Jersey in his action upon the defendants' bond, the Appellate Division, somewhat inconsistently, as it appears to me, ordered a new trial, upon reversing a judgment in plaintiff's favor, instead of ordering the dismissal of the action. I am unable to agree with the Appellate Division's view of the operation of the New Jersey statutes, as then expressed. It would seem that that court and, indeed, this court were committed to the view that such an action is maintainable upon the bond ; subject to the provisions of the New Jersey statute, as read into the contract. In *Stumpf* v. *Hallahan*, (101 App. Div. 383), which was affirmed by this court, but without opinion, (185 N. Y. 550), the action was similar in its nature to the present one. What was

decided in that case was that the laws of the state of New Jersey governed and that, as the action was not brought within the six months after the sale in foreclosure, the action could not be maintained. These two questions were settled, of course; but it was also settled, necessarily, that nothing forbade the bringing of an action upon the bond within this state, if the cause of action had not been destroyed.

This action was brought within the statutory period of six months after the sale of the mortgaged premises and I find nothing in the New Jersey statute, expressly, or by reasonable implication, which operates to confine the pursuit of the obligee's remedy upon his bond to the courts of that state. The provisions of the statute, undoubtedly, entered into and became a part of the contract of the parties to this bond and mortgage. The parties resided in that state; the contract was to be performed there, in legal contemplation, and the law of the place regulated the manner of performance. That law provided, when a bond and mortgage were given, that all proceedings to collect the debt should be, "first to foreclose the mortgage and if  *  *  *  the premises should not sell for a sum sufficient to satisfy the debt,  *  *  *  in such case, *it should be lawful to proceed on the bond for the deficiency;* that all suits on said bond shall be commenced within six months from the date of the sale," and that if "the person who is entitled to the debt shall recover a judgment  *  *  * such recovery shall open the foreclosure sale  *  *  *  and the person, against whom the judgment has been recovered, may redeem the property,  *  *  *  provided that a suit for redemption is brought within six months after the entry of said judgment," etc. It was implied in the transaction between the parties to the bond and mortgage in question that these provisions would apply to and govern their future rights and relations. They affected the contract by requiring the mortgagee to rely, primarily, upon the mortgage for repayment of the debt and to resort to equity for its enforcement. They affected his cause of action upon the bond by making it unlawful to sue upon it, except when a deficiency had arisen

upon the sale of the mortgaged premises in foreclosure and when the suit was brought within the six months. It, also, attached certain consequences to a recovery in the suit of a most material character. The operation, therefore, of the statute was not upon the remedy, merely; it was to terminate, or to extinguish, the debt itself, in a certain event, so far as it remained unpaid through the foreclosure sale; because a suit upon the bond would only be lawful, upon a compliance had with certain prescribed conditions. In such a case, upon suit being brought in another state, the *lex loci contractus* and not the *lex fori*, must govern in the construction of the agreement. (See *Gans* v. *Frank*, 36 Barb. 320; *McMerty* v. *Morrison*, 62 Mo. 140; *Sea Grove, etc., Assn.* v. *Stockton*, 148 Pa. St. 146.) It is the general rule that a statute of limitations affects only the remedy and that the *lex fori* is the governing law; but it should be clear where, as here, the law of the state enters into and forms a part of a contract, that that law will govern, however differing from the *lex fori*; if the action be transitory.

Applying and giving effect to the law of New Jersey, in our construction of the contractual relations of the parties, how does it confine the enforcement of the bond, for any balance of the debt, to the courts of that state? There is no expression to that effect. If the obligee has complied with the statute in his first proceeding to recover his debt, he is not restricted in pursuing the defendants upon their bond, as a common-law obligation; provided he commences his action within the six months. That limitation was not a general one applicable to any action; it applied to proceedings on bonds and mortgages and became an integral part of the contract. It has a reason for its application in its bearing upon the right of redemption, provided for in the statute. If it is lawful under the statute to proceed upon the bond, it must be lawful everywhere. If that were not so, the consequence would be that the right to bring the personal suit would be defeated by the change of residence of the obligor, as in the present case, and the obligee would be remediless.

We have no policy in this state which is affected by permitting the suit. It is not a case where the plaintiff is seeking to enforce some peculiar liability, or remedy, created by a foreign state; he is seeking to enforce a common-law obligation, which has not wholly lost its force. The action is transitory in its nature and is maintainable outside of the state where the contract was made. The courts of this state are open to all suitors and will enforce transitory rights of action, where the liability asserted is recognized by the common law, is contractual in its nature and is not violative of our public policy. This obligation of comity is only denied, as before suggested, where a foreign statute is sought to be enforced against a citizen, which has created a liability, or has granted a remedy, unknown to the common law, or contrary to our declared policy. (*Marshall* v. *Sherman,* 148 N. Y. 9.) It is objected, and such was the view taken by the Appellate Division, that to allow a recovery upon the bond would work injustice; inasmuch as the defendants would be compelled to pay the deficiency, arising on the mortgage sale, and would be deprived of the right to redeem the mortgaged property. I am unable to see how any such injustice would follow, upon a fair reading of the New Jersey statute. The provision is general as to any suit upon the bond and as to the effect of a recovery therein. Such a recovery is declared to open the foreclosure sale, and permits the judgment debtor to redeem the property; "*provided that a suit for redemption is brought within six months after the entry of judgment.*" Nothing in the statutory provision limits the right to sue in redemption to a case where the judgment has been obtained in the New Jersey courts. For all that appears, the obligors, upon the recovery of a judgment against them in a foreign jurisdiction, may bring their action to redeem in New Jersey and set up the judgment as ground for the equitable relief demanded. We do not dictate to the courts of that state what construction shall be given to its statute; we, simply, say that, as its provisions appear, a suit on the bond is maintainable anywhere, when, according to the implied stipulation,

it is brought for a deficiency arising upon a previous fore-closure of the mortgage and within the statutory period, and that.the right to sue in redemption follows the recovery upon the bond. We should not, by a different interpretation, appear to impute to the legislature of New Jersey an inten-tion to work unnecessary injustice by denying the transitory right of action, which attends, ordinarily, upon such a per-sonal obligation. The New Jersey court appears to have regarded the operation of the statute as not affecting the common-law force inherent in the bond and mortgage, other-wise than by postponing its enforceability to a foreclosure of the mortgage. (See *Mershon* v. *Castree,* 57 N. J. L. 484.) When a judgment in this action is set up in an action to redeem, brought in the New Jersey court, it will be for that court to determine its effect upon the statutory rights of the defendants and, if our views are not agreed with, the proper construction of the statute will be given.

For these reasons, I advise the reversal of the judgment appealed from and that a new trial be ordered; with costs to abide the event.

Cullen, Ch. J., Haight, Vann, Werner, Willard Bart-lett and Chase, JJ., concur.

Judgment reversed, etc.