PENISTON v. COLEMAN et al.

(Supreme Court, Appellate Division, Second Department.   December 30, 1910.)

1. TRIAL (§ 169*)—DIRECTION OF VERDICT.

If, after all the evidence is in, the court decides that plaintiff has no cause of action, the proper practice is to direct a verdict for defendant on motion and not to dismiss the complaint.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 383; Dec. Dig. § 169.*]

2. TRIAL (§ 177*)—DIRECTION OF VERDICT.

One does not, by requesting a directed verdict, preclude himself from requesting the submission of a question of fact to the jury, so that where

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

plaintiff moved for a directed verdict for himself after all the evidence was in, and defendant also moved for a directed verdict, whereupon the court directed a verdict for defendant, plaintiff was entitled to a ruling upon his motion, made immediately thereafter, to submit a question of fact to the jury.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 400; Dec. Dig. § 177.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by William W. Peniston against John M. Coleman and another. From a judgment for defendants and an order denying a motion for a new trial, plaintiff appeals. Reversed, and new trial ordered.

See, also, 125 N. Y. Supp. 1135.

Argued before HIRSCHBERG, P. J., and WOODWARD, BURR, JENKS, and CARR, JJ.

Walter L. Bunnell, for appellant.
Lowen E. Ginn, for respondents.

JENKS, J. This action is upon a promissory note. The defendants asked and obtained the affirmative, without objection. They read the note in evidence, and then offered testimony in their defense. When the defendants rested, plaintiff moved for judgment—for a direction of a verdict in favor of plaintiff. The court then asked, "Are there any other motions?" Thereupon the defendants moved that the court direct a verdict for them on the evidence. The court then said, "I direct a verdict for the defendant." Plaintiff then asked to go to the jury on the question of fact. The court said, "You are too late, now." Plaintiff then asked permission to take the witness stand. The court said: "You are too late, now. You should have withdrawn your motion." Plaintiff then asked if he might withdraw the motion, and the court replied, "Not now, the case is disposed of," and, addressing the jury, "You may go home now, gentlemen." Plaintiff's counsel then excepted and asked the court for permission to go to the jury on the question of fact. The court replied: "The case is disposed of; it is not before me now." The return shows:

"Case tried. Counsel for plaintiff asks court for direction of verdict. Counsel for defendant asks court for direction of verdict. Court directs verdict in favor of defendant. Judgment is rendered for the defendant dismissing the complaint on the merits, with costs."

The proper practice in such a case is a direction of a verdict for the defendant. Niagara F. Ins. Co. v. Campbell Stores, 101 App. Div. 400, 92 N. Y. Supp. 208, affirmed 184 N. Y. 582, 77 N. E. 1192; Stumpf v. Hallahan, 101 App. Div. 383, 91 N. Y. Supp. 1062, affirmed 185 N. Y. 550, 77 N. E. 1196. A party who requests a direction of a verdict is not thereby precluded from a request for submission of a question of fact to the jury. Shultes v. Sickles, 147 N. Y. 704, 41 N. E. 574; Clark v. Clark, 91 Hun, 295, 36 N. Y. Supp. 294; Switzer v. Norton, 3 App. Div. 173, 38 N. Y. Supp. 350. I think that the plaintiff was entitled to a ruling upon his motion, whereupon he might have had an opportunity to request a submission to the jury. Carr v. Sullivan,

68 Hun, 248, 22 N. Y. Supp. 972. As it was, the court entertained his motion without disposition of it, and thereupon in a breath granted the motion of the defendants.

Without any expression as to the merits, I advise that the judgment and order be reversed, and that a new trial be ordered; costs to abide the event. All concur.

---

### POUCH v. STATEN ISLAND MIDLAND RY. CO.

(Supreme Court, Appellate Division, Second Department. December 30, 1910.)

1. STREET RAILROADS (§ 114*)—ACCIDENTS AT CROSSING—SUFFICIENCY OF EVIDENCE.

Evidence *held* to show that plaintiff, riding in an automobile and injured in a collision with a street car at a crossing, was negligent in not looking for the car.

[Ed. Note.—For other cases, see Street Railroads, Cent. Dig. §§ 248–250; Dec. Dig. § 114.*]

2. STREET RAILROADS (§ 99*)—ACCIDENT AT CROSSINGS—BURDEN OF PROOF.

Plaintiff, riding in an automobile and injured in a collision with a street car at a crossing where the approach of the car was discernible, must show that she exercised some care to ascertain whether there was peril in crossing at that time.

[Ed. Note.—For other cases, see Street Railroads, Cent. Dig. §§ 209–216; Dec. Dig. § 99.*]

Appeal from Trial Term, Richmond County.