Briefly stated, our statute provides that when a bond and mortgage are given for the same debt, the effect of entering judgment on the bond, after the foreclosure of the mortgage and sale of the mortgaged premises, for any balance of the debt, shall be to open the foreclosure decree and sale, and shall entitle the mortgagor to redeem. The act does not by its terms restrict the effect of entering a judgment on the bond to judgments which shall be entered on the bond in this state. Defendants seek to read that restriction into the act by construction. The argument is that legislation is presumptively territorial and confined to the limits over which the law-making power has jurisdiction; hence, the language of the act to the effect that the entry of a judgment on the bond for any balance of the debt, after a foreclosure decree and sale, shall be operative to open the foreclosure decree and sale and permit the mortgagor to redeem, *Page 19 
is to be understood as having reference only to a judgment entered in this state. This contention cannot prevail. The general purpose and design of the legislation is to extend to a mortgagor the right to redeem after foreclosure sale, should a mortgagee, after sale, proceed upon the bond for any part of the debt. To read into the act a provision that this protection of the mortgagor shall obtain only when the subsequent proceedings on the bond are taken in this state is to defeat the very purpose of the act. It necessarily follows that any recognized presumption that may exist against extra-territorial legislation as a basis for a limitation by statutory construction is overcome by the obvious purpose of the legislation; indeed, the presumption cannot be said to arise in any case in which reasonable and appropriate extra-territorial operation or force of a statute can be said to be inferred from its obvious purpose. Nor has any case been brought to my attention in which the presumption against extra-territorial force of legislation has been made the basis of a limitation of the language of the act by statutory construction, unless the legislation, if given extra-territorial force, will be found to have entered a field of improbable or unreasonable legislative intent or of doubtful right. The statute here in question pursues the legitimate function of prescribing rights and remedies touching property in this state; it in no way undertakes to control judgments entered in another state; the entry of such a judgment after sale is merely an event operative to revive the right of redemption. Such a provision is not only a proper and reasonable exercise of legislative right, but is necessary to effectuate the beneficial purposes of the act. In Hutchinson v. Ward, 192 N.Y. 375,
this provision of our act is regarded as applying to actions brought on the bond in New Jersey or elsewhere.
The circumstance that defendants failed to comply with the requirements of the supplemental act of 1907 (3 Comp. Stat. p.3423), can afford them no additional rights. The judgment entered against complainant herein in Philadelphia was enforceable there, and was enforced there against property of complainant herein in that city. *Page 20 
Nor am I prepared to hold that it can be said to be clear that the act here in question is unconstitutional because of inadequacy of its title. The title to the act gives notice that its provisions regulate "proceedings on bonds and mortgages given for the same indebtedness and the foreclosure and sale of mortgaged premises thereunder." This, I think, adequately discloses the scope of the act.
A reference will be made to a master for an accounting, and a decree of redemption will be entered upon payment of the balance found due.