LOUIS PLAUT, PLAINTIFF, v. PENNSYLVANIA RAILROAD COMPANY, A CORPORATION, DEFENDANT.

Submitted May 14, 1926—Decided January 5, 1927.

Plaintiff, on March 16th, 1926, instituted an action against a railroad company organized under the laws of Pennsylvania, but operating a railroad within this state to recover damages for an injury to the plaintiff occurring on July 3d, 1923. The defendant company set up as a defense that under section 58 of the Railroad act of 1903 (*Comp. Stat.*, *p.* 4246), amended in 1912 (*Pamph. L.* 1912, *p.* 265), the action was barred because not commenced within two years from the occurrence thereof. The plaintiff replied and set up that said section 58 was not applicable for the reason that the defendant company was organized under the laws of Pennsylvania and was not a resident of this state when the action occurred and had at no time since the accrual of the action been a resident of this state—*Held*, on motion to strike out the reply and for entry of judgment final, that said section 58 was applicable and barred the plaintiff's action.

On motion to strike out reply and for entry of judgment final.

Before Justices KATZENBACH and LLOYD.

For the plaintiff, *McCarter & English*.

For the defendant, *Wall, Haight, Carey & Hartpence*.

The opinion of the court was delivered by

KATZENBACH, J. This is a motion to strike out the plaintiff's second reply to the third defense interposed by the defendant in its answer to the complaint.

On March 16th, 1926, an action at law was instituted in this court by Louis Plaut against the Pennsylvania Railroad Company. The complaint set forth that on July 3d, 1923, the Pennsylvania Railroad Company operated a railroad from the city of Newark to the city of Jersey City, and that on said day it so negligently operated a train in which the plain-

tiff was a passenger that the train gave a lurch which caused a steel door at the end of the car in which the plaintiff was standing to close upon the plaintiff's right hand, crushing his hand and breaking two of the fingers thereof. To this complaint the defendant filed an answer.

The third defense interposed by the defendant was that the plaintiff's action was not commenced and sued within two years next after the alleged cause of action in his complaint accrued and was therefore barred by the statute in such case made and provided, being section 58 of the act concerning railroads (Revision of 1903), as amended (*Pamph. L.* 1912, *p.* 265). To this defense the plaintiff replied that the defendant at the time the cause of action accrued was a corporation organized and existing under the laws of the Commonwealth of Pennsylvania and was not a corporation of the State of New Jersey, so not a resident in the State of New Jersey when the cause of action accrued, and at no time since the accrual of the cause of action had the defendant been a resident of the State of New Jersey.

The defendant now moves to strike out this reply and for the entry of judgment final. The reply of the plaintiff, which sets up the non-residence of the defendant, is evidently based upon the theory that under section 8 of the act for the limitation of actions (3 *Comp. Stat., p.* 3166) the time of such non-residence is not to be computed as to the limited period within which the plaintiff was required to bring his action. Section 8 reads as follows:

"That if any person or persons against whom there is or shall be any such cause of action as is specified in the first, second, third, fifth, sixth and seventh sections of this act, shall not be resident in this state when such cause of action accrues, or shall remove from this state after the same shall accrue, and before the time of limitation mentioned in said sections is expired, then the time or times during which such person or persons shall not reside in this state shall not be computed as part of the said limited period within which such action or actions are required to be brought as aforesaid; but the person or persons having, or who may have

such cause of action as aforesaid, shall be entitled to all the time mentioned in the said several sections, for bringing their said actions after the cause thereof shall accrue, exclusive of the time or times during which the person or persons liable to such actions shall be not resident in this state as aforesaid. *Rev.* 1877, *p.* 595."

A reading of section 8 shows that it applies specifically to only the first, second, third, fifth, sixth and seventh sections of the act for the limitation of actions. It has no application except to these specific sections. *Beatty* v. *Lewis,* 68 *Atl. Rep.* 95.

In the case of *Grabert* v. *Central Railroad of New Jersey,* 91 *N. J. L.* 604, it was held that under section 58 of the Railroad act of 1903 that all actions accruing through injuries to persons caused by the wrongful act or neglect or default of any railroad company owning or operating any railroad within this state shall be commenced and sued within two years next after the cause of action accrued and not after, and that the infancy of a person injured will not exempt him from the operation of this statutory rule. In this case the court said :

"That there is a manifest inconsistency between a general statute of limitations saving the period of infancy and a special statute of limitations ignoring that period, as in section 58 of the Railroad act, which act expressly repeals inconsistent acts. We think it plain that the legislative intent was to make suits against railroads for personal injuries an exception to the general acts of limitation and to require such suits to be brought promptly and without reference to the so-called 'disability' of the plaintiff, provided he was legally capable of instituting a suit."

In the case of *Gillette* v. *Delaware, Lackawanna and Western Railroad Co.,* 91 *N. J. L.* 220, it was held that section 4 of the Limitation act is inapplicable to the Federal Employers' Liability act, and that under the Federal Employers' Liability act of 1908 suits for injuries to an infant must be taken within two years after the date when the cause of action accrued.

The portion of section 58 of the act entitled "An act concerning railroads" (Revision of 1903), pertinent to the present act, is as follows:

"All actions accruing from injuries to persons caused by the wrongful act, neglect or default of any railroad company owning or operating any railroad within this state, shall be commenced and sued within two years next after the cause of action accrued, and not after * * *."

It will be observed that the language of this section makes it applicable to any railroad company owning or operating any railroad within this state. It is not limited to a railroad organized under the laws of this state. It applies to any railroad company whether foreign or domestic. The Pennsylvania Railroad Company is a company organized under the laws of the commonwealth of the State of Pennsylvania and is operating a railroad within this state, according to the admissions in the pleadings. We are of the opinion that section 58 controls the disposition of this case, and not section 8 of the act entitled "An act for the limitation of actions." The second reply made by the plaintiff to the third defense will be struck out. As the pleadings disclose that the accident occurred over two years prior to the institution of the suit, judgment final will be entered in favor of the defendant.