OLGA ROBINSON, Plaintiff, *v.* JOHN E. STRATMAN and Another, Defendants.

Supreme Court, Erie County, September 22, 1931.

*William J. Sernoffsky,* for the plaintiff.

*Strange & Myers,* for the defendants.

HARRIS, J. Motion made for a judgment on the pleadings in favor of the plaintiff on the ground that the answer interposed by the defendants is insufficient in law as a defense.

This action is brought on a promissory note given by the defend-

ants to the plaintiff in the State of Florida. The note itself states that it is secured by a mortgage on real estate, and is subject to all the terms and covenants contained in such mortgage. The answer sets up a denial of demand for payment being made, and a further defense that upon information and belief, under the laws of Florida, an action may not be brought upon such a note secured by the mortgage until after the mortgage has been foreclosed and a deficiency judgment exists.

The first defense in reference to the failure to make demand may well be stricken out as frivolous.

In reference to the second defense, the plaintiff claims that the law of the forum is the law that should govern the procedure in bringing to a money judgment the chose in action. The defendants contend that the law of the place of contract determines the terms and validity of the note and that since such note, under the laws of Florida, may not be sued on until the mortgage has been foreclosed and a deficiency exists, this suit is prematurely brought.

This court is of the opinion that the question raised by the second defense as to the law of Florida in reference to such notes is a defense that goes to the validity, force and effect of the note, and that, therefore, the rights of the parties should be determined by the *lex loci contractus* (*Stumpf* v. *Hallahan*, 101 App. Div. 383; affd., 185 N. Y. 550; *Hutchinson* v. *Ward*, 192 id. 375), and that such defense, if proven, is sufficient in law.

The motion of the plaintiff is, therefore, denied.