Ike Roseman, Plaintiff, Appellant, *v.* Fidelity and Deposit Company of Maryland and Another, Defendants, Respondents.*

Supreme Court, Appellate Term, First Department, June 15, 1933.

* Revg. and modfg. in part 146 Misc. 532.

*Julius Wolfson*, for the appellant.

*Barker, Perrigo & Bonynge* [*Daniel A. Dorsey* of counsel], for the respondents.

CALLAHAN, J. This is an appeal by the plaintiff from two orders of the City Court, the first dismissing complaint and the second denying plaintiff's motion to dismiss certain defenses. The motion to dismiss the complaint was based on three grounds: *First*, that the court did not have jurisdiction of the subject of the action; *second*, that the complaint did not state facts sufficient to constitute a cause of action; and *third*, that there was a defect of parties. The court below dismissed the complaint on the first ground. Because of the dismissal of the complaint, it denied the motion to dismiss the six separate defenses pleaded.

The action is against the sureties on a bond given by the public administrator of Los Angeles county, Cal., for the faithful performance of his official duties.

The plaintiff, a resident of this State, claims to have been entitled to a distributive share of a certain estate administered by the said public administrator and demands a recovery under the bond because said estate was distributed improperly.

The court below held that as the action involved the internal affairs of a sister State principles of comity required the court to refuse to entertain jurisdiction of the action.

The motion to dismiss the complaint was not based on affidavits and must, therefore, be deemed to have been made pursuant to rule 106 of the Rules of Civil Practice and based on lack of jurisdiction of the subject-matter of the action appearing on the face of the complaint. So tested it appears that the complaint was improperly dismissed. True, the complaint alleges that the action is on an official bond given by a public officer of another State, but all actions on bonds given pursuant to foreign statutes are not barred in States other than the one in which the bond was given. As was stated in *Clark Plastering Co.* v. *Seaboard Surety Co.* (259 N. Y. 424): " The question then resolves itself into this: May a remedy be granted in this State to enforce against a citizen thereof a promise, expressed in a bond, executed in a foreign State, pursuant to the requirements of a statute of that State? ' The courts of this State are open to all suitors and will enforce transitory rights of action, where the liability asserted is recognized by the common law, is contractual in its nature and is not violative

of our public policy. This obligation of comity is only denied, as before suggested, where a foreign statute is sought to be enforced against a citizen, which has created a liability, or has granted a remedy, unknown to the common law, or contrary to our declared policy.' (GRAY, J., in *Hutchinson* v. *Ward*, 192 N. Y. 375, at p. 381.) The cause of action here is upon a contract voluntarily made; is not unknown to the common law; it is not contrary to our declared policy; and neither liability nor remedy has been supplied by a foreign statute." (See, also, *Howarth* v. *Angle*, 162 N. Y. 179.)

While it is true that in the *Clark* case the bond involved was one given by a contractor to a public board and not one given by a public officer, we fail to see that this difference would make the present bond unenforcible in our courts. The essential question involved is whether, by any rule of private international law (commonly referred to as a rule of " comity ") the courts of this State should decline to enforce the liability created by this bond because given in a foreign State pursuant to a foreign statute. The test applied by the courts in determining the question of comity is whether the liability sought to be enforced is " penal " in its nature as that term is ordinarily used in private international law. Whether such liability is " penal " in such sense depends, in the present case, largely upon whether the law creating it prescribes an exclusive remedy for enforcing it. It is only in such event that the liability cannot be enforced in another State. (Minor Confl. Laws, § 10.) Or, as stated in the case of *Pickering* v. *Fisk* (6 Vt. 102), relied on by the court below, the rule is that it is only where by the law of the State pursuant to which the bond is executed it is to have effect only in a particular way or to be enforced in a particular mode that the enforcing of it is deemed to be the exclusive province of the tribunals of that State. There is nothing in the present complaint to show that the liability created by the bond in suit is required to be enforced only in some particular mode prescribed by the foreign statute. On the other hand, the complaint shows that the cause of action is one on a contract or quasi-contract, voluntarily made at least so far as the defendant sureties are concerned; that it affords a right known to the common law; and that it would not be contrary to our declared public policy to enforce such right. It was improper, therefore, to dismiss the complaint on the theory of lack of jurisdiction apparent on the face of the complaint.

While the ground was asserted below that the complaint failed to state facts sufficient to constitute a cause of action such point is not discussed upon this appeal. Nevertheless it is necessary

for us to pass on the question as the order might be sustained if correct on any ground. Although the bond in form runs to the State of California and the county of Los Angeles, it would seem from its language to afford a remedy to individuals belonging to a class for whose benefit it was given (*Seaver* v. *Ransom*, 224 N. Y. 233; *Lawrence* v. *Fox*, 20 id. 268), and it appears on the face of the complaint that plaintiff claims to be a next of kin of the intestate entitled under the law of California to share in the distribution of the estate. The bond is not one given essentially for the protection of the State or the county as in the case of *Fosmire* v. *National Surety Co.* (229 N. Y. 44). Although recourse may not be had to the answer to support the sufficiency of the complaint, any doubt as to whether plaintiff had a right to sue on the bond is removed by the defendants' plea that the statutes of California afford such right. The objection that the complaint is insufficient must, therefore, be overruled.

The principal and sureties being jointly and severally liable, there is no defect in parties. Further, a defect of parties is no ground for dismissal.

The complaint having been upheld, it becomes necessary to determine the sufficiency of the defenses.

The first defense pleads that the bond was given pursuant to the California statutes. It sets forth *in extenso* the law of that State granting to any person aggrieved the right to sue on the bond. It further alleges that " under and by virtue of the laws of the State of California plaintiff, at common law, would have no right of action on the official bond herein," and again, " that under and by virtue of the laws of the State of California the alleged cause of action herein involves the internal management of the affairs of the State of California." Other statements are contained in this defense which are wholly conclusions of law concerning the lack of jurisdiction of the New York courts.

While a plea of lack of jurisdiction of the subject-matter may be properly raised by answer as well as by motion, if pleaded as a defense such plea is required to state facts sufficient to establish that the courts of this State have not or should decline jurisdiction. Foreign law being a question of fact, such a plea on the ground asserted here should state such facts as would establish that the bond in suit was given pursuant to a foreign statute which not only created the liability but limited the remedy to a mode fixed by the foreign law, or similar facts affording a ground for declining jurisdiction. The common law is not to be determined by reference to the laws of California, and whether plaintiff's cause of action involves the internal management of the affairs of another State

must be determined by our views of the law of comity. Defendants' averments are, therefore, mere conclusions of law and the first defense must be held insufficient.

The second defense sets up a California three years' Statute of Limitations and alleges that the cause of action herein accrued more than three years prior to the beginning of this suit. As stated in *Hutchinson* v. *Ward* (192 N. Y. 375, at p. 380): " It is the general rule that a statute of limitations affects only the remedy and that the *lex fori* is the governing law; but it should be clear where, as here, the law of the state enters into and forms a part of a contract, that law will govern, however differing from the *lex fori;* if the action be transitory."

The plea before us fails to state that the California Statute of Limitations pleaded entered into or formed a part of the contract involved in the plaintiff's suit. The statute pleaded refers solely to actions " upon a liability created by statute other than a penalty or forfeiture." Although it would seem that the *lex fori* and not the *lex loci contractus* would determine the time within which the present action should be brought, we may assume for the purpose of the motion that the California statute pleaded is applicable. There is no statement in the plea that the present cause of action · is solely one created by statute. In our opinion it is not such an action. While in one sense the liability is created by statute in that the giving of the bond is provided for by the act of the Legislature, the liability of these defendants is directly upon the bond and if such a bond had not been executed there could be no liability. It would seem, therefore, that the liability involved herein is one in contract or quasi-contract. At least it is not a liability created by statute within the meaning of the act set forth in the plea. The second defense, therefore, appears insufficient.

The third and sixth defenses are good, and the fourth and fifth defenses, incorporating as they do the third defense, must also be sustained.

Order granting motion to dismiss the complaint reversed; order denying motion to strike out the defenses modified to the extent of striking out the first and second defenses, and as modified affirmed, with ten dollars costs and disbursements to appellant, and with leave to respondents to serve an amended answer within six days after service of order entered hereon upon payment of said costs and disbursements.

All concur; present, LEVY, CALLAHAN and UNTERMYER, JJ.