ELSIE VAN KIRK WOLLEN, Respondent, v. B. EDMUND DAVID, INC., Also Known as NORTH AMERICAN SILK CO., INC., Appellant, Impleaded with DAVID SILKS, INC., Defendant.

First Department, March 13, 1936.

*Eugene L. Bondy* of counsel [*Bondy & Schloss*, attorneys], for the appellant.

*Harry Bijur* of counsel [*Bijur & Herts*, attorneys], for the respondent.

GLENNON, J. The question with which we are primarily concerned on this appeal involves a New Jersey Statute of Limitations in so far as it applies to the right of a holder of a bond delivered in connection with a mortgage covering the same debt, to institute an action in this State for a deficiency after the three-month period of limitation provided for in the statute has expired. A brief *résumé* of the facts and reference to the laws controlling become necessary to determine the issue we are called upon to decide.

The defendant B. Edmund David, Inc., a Delaware corporation, in January, 1918, was licensed to do business in the State of New Jersey. In May, 1918, it delivered its bond and mortgage on real estate in Passaic county, N. J., to plaintiff's assignor, a New Jersey resident. After defaults in certain payments, in June, 1934, a foreclosure proceeding was instituted in the Court of Chancery in New Jersey and resulted in the sale of the mortgaged premises for the sum of $100. Defendant B. Edmund David, Inc., objected, as was its right under the New Jersey statute, to the confirmation of the sale. A special master was thereupon appointed to hear and report as to the fair valuation of the mortgaged premises. The report of the special master was confirmed on November 13, 1934, in which he found that there was a deficiency in the sum of $8,084.64.

Under the provisions of the New Jersey statute with which we are presently concerned, an action on a mortgage bond to recover the amount of a deficiency must be brought within three months from the date of confirmation of the sale. Forty-five days after the date of confirmation, B. Edmund David, Inc., filed a certificate in the proper office in the State of New Jersey, wherein it revoked its designation of a registered agent in that State, and served notice of its withdrawal from the State. Service of process in this action

was later made upon B. Edmund David, Inc., in New York on February 15, 1935 — a period, concededly, of three months and two days from the date of the entry of the order of confirmation on November 13, 1934.

The New Jersey Statute of Limitations to which reference has been made is contained in chapter 82 of the Laws of 1933 of that State. It reads, in part, as follows:

" 2. In all cases where a bond and mortgage has or may hereafter be given for the same debt, all proceedings to collect said debt shall be, first, to foreclose the said mortgage, and if at the sale of the mortgaged premises under said foreclosure proceedings the said premises should not sell for a sum sufficient to satisfy said debt, interest and costs, then and in such case it shall be lawful to proceed on the bond for the deficiency, and that all suits on said bonds shall be commenced within three months from the date of the sale of such mortgaged premises, and judgment shall be rendered and execution issue only for the balance of debt and costs of suit."

The portion of the section quoted, with the exception of the limitation period of three months, which was written into the statute in 1933, is the same as the original, which was enacted in 1880, where provision was made that all suits on a bond delivered in connection with a mortgage covering the same debt were required to be commenced within six months from the date of sale of the mortgaged premises.

Plaintiff in this action does not dispute that service of process was not effected on the defendants until three months and two days after the confirmation of the sale. It cannot be questioned that if this action would have been barred in the State of New Jersey it must also be barred here. (Civ. Prac. Act, § 13; *Stumpf* v. *Hallahan*, 101 App. Div. 383; affd., 185 N. Y. 550; *Hutchinson* v. *Ward*, 192 id. 375.)

The plaintiff raises the point that the time provided for in the statute was suspended by the removal of the defendant B. Edmund David, Inc., from New Jersey after the cause of action had accrued against it, and before the period of limitation had elapsed. To support this contention she cites the Compiled Statutes of New Jersey (1709 to 1910, vol. 3, p. 3166, Limitation of Actions, § 8) which read:

" 8. Effect of non-residence or removal from State. That if any person or persons against whom there is or shall be any such cause of action as is specified in the first, second, third, fifth, sixth and seventh sections of this act, shall not be resident in this State when such cause of action accrues, or shall remove from this State after the same shall accrue, and before the time of limitation men-

tioned in said sections is expired, then the time or times during which such person or persons shall not reside in this State shall not be computed as part of the said limited period within which such action or actions are required to be brought as aforesaid; but the person or persons having, or who may have such cause of action as aforesaid, shall be entitled to all the time mentioned in the said several sections, for bringing their said actions after the cause thereof shall accrue, exclusive of the time or times during which the person or persons liable to such actions shall be not resident in this State as aforesaid."

A study of the New Jersey statutes of limitation, and the authorities in that State construing them, makes manifest that the contention of the plaintiff is unsound. Section 8 provides for a suspension of the period of the statutes of limitation in certain instances. It particularly specifies the only sections to which the exemptions are to apply. It is true, as plaintiff states, that prior to 1880 actions on mortgage bonds came within the purview of section 6 of the statute of limitation, which provides for a period of sixteen years, and to which the tolling provision of section 8 applied. (*Barned* v. *Barned*, 21 N. J. Eq. 245; *Ludlow* v. *Van Camp*, 7 N. J. L. 113.) The difficulty with plaintiff's position is, that since the change in foreclosure procedure in 1880, this type of action is no longer covered by the tolling provision of section 8. The reasoning employed by the courts in the New Jersey cases clearly indicate that this statement is correct. In *Beatty* v. *Lewis* (68 Atl. 95) the New Jersey Court of Chancery considered whether absence from the State suspended the running of a statute barring re-entry upon real estate after twenty years. At page 96, HOWELL, V. C., wrote: " Again, it is said that the defendants were nonresidents of the State, and hence the Statute of Limitations could not run against them. The exception concerning nonresidents does not apply to the section of the statute under consideration. This exception is found in section 8 of our statute. A cursory reading of it will satisfy counsel that it applies only to the classes of cases provided for in preceding sections. Hence I find that the defenses set up in the answer have failed."

In *Plaut* v. *Pennsylvania R. R. Co.* (103 N. J. L. 40; 135 Atl. 505), decided in the Supreme Court of New Jersey in 1927, an action was brought for personal injuries due to negligence. Section 58 of "An Act concerning railroads " limits this type of action to two years. It was argued that the defendant was a non-resident and that, therefore, under section 8 of the act for the limitation of actions, the two-year statute had not run. The following is an excerpt from the opinion of KATZENBACH, J. (103 N. J. L. at p. 42;

135 Atl. at p. 506): " A reading of section 8 shows that it applies specifically to only the first, second, third, fifth, sixth and seventh sections of the act for the limitation of actions. It has no application except to these specific sections."

We are of the opinion, therefore, that since this action was not commenced within the period of three months as provided by chapter 82 of the Laws of 1933 of the State of New Jersey, it was barred, and, consequently, the court at Trial Term should have dismissed the complaint.

The judgment should be reversed, with costs, and the complaint dismissed, with costs.

MARTIN, P. J., McAVOY, O'MALLEY and TOWNLEY, JJ., concur.

Judgment reversed, with costs, and complaint dismissed, with costs.