CLARK PLASTERING COMPANY, Appellant, *v.* SEABOARD SURETY COMPANY, Respondent.

(Argued June 20, 1932; decided July 19, 1932.)

*Gustave B. Garfield* and *Maurice V. Seligson* for appellant. The complaint on its face states a good cause of action upon a common-law bond, and the motion to dismiss under rule 106, subdivision 5, of the Rules of Civil Practice, was properly denied by the Special Term. (*Baycourt Sales Co.* v. *Dickerson*, 194 N. Y. Supp. 190; 202 App. Div. 731; *Deutsch* v. *Textile Waste Merchandising Co.*, 212 App. Div. 681; *Rockefeller* v. *Kellas*, 222 App. Div. 368; *Seaver* v. *Ransom*, 224 N. Y. 237; *Lawrence* v. *Fox*, 20 N. Y. 268; Williston on Contracts, §§ 372, 402; *Maltby & Sons* v. *Wade*, 131 Misc. Rep. 90; *Newark Concrete Pipe Co.* v. *National Surety Co.*, 131 Misc. Rep. 718.) The bond is a voluntary common-law bond which is not substantially in the form prescribed by the statute, does not conform to the statute and was intended to and must be interpreted independently of the statute. As such the provision for the giving of notice provided in the statute does not apply although if necessary such notice was in fact given. (*Des Moines Bridge & Iron Works* v. *Marxen*, 87 Neb. 684; *United*

426

*States Gypsum Co.* v. *Gleason,* 135 Wis. 539; *United Sheet Metal Works* v. *Dodge,* 129 Cal. 390; *People's Lumber Co.* v. *Gillard,* 136 Cal. 55; *Smith* v. *Bowman,* 32 Utah, 33; *Hilton* v. *Universal Constr. Co.,* 202 Mo. App. 672; *Carr* v. *Sterling,* 114 N. Y. 566; *Ehrlich* v. *Sklamberg,* 65 Misc. Rep. 5; *Sooy* v. *State,* 38 N. J. L. 328; *Emanuel* v. *McNeil,* 87 N. J. L. 503; *Burrall* v. *Acker,* 23 Wend. 608; *Ordinary* v. *Heison,* 42 N. J. L. 15; *State* v. *Such,* 53 N. J. L. 351; *Ditzel* v. *Bloch,* 70 N. J. L. 261; *Ordinary* v. *Cooley,* 30 N. J. L. 181; *City of Mount Vernon* v. *Brett,* 193 N. Y. 276; *Matter of Greathouse,* 10 Fed. Cases, 1064; *Goodman* v. *Bunzi,* 102 N. Y. 223; *Decker* v. *Judson,* 16 N. Y. 439.) The Supreme Court had jurisdiction of both the parties and the subject-matter of the action. (*Hutchinson* v. *Ward,* 192 N. Y. 375; *Squire* v. *Houghton,* 131 Misc. Rep. 129.)

*Thomas Kiernan* for respondent. The order appealed from dismissing the appeal to the Appellate Division from the order of the Special Term denying plaintiff's motion to strike out the separate defense contained in the defendant's answer is not appealable. (Civ. Prac. Act, §§ 588, 589; *Stevens* v. *Central Nat. Bank,* 162 N. Y. 253.) Dismissal of the complaint was proper. (*Hutchinson* v. *Ward,* 192 N. Y. 374; *Marshall* v. *Sherman,* 148 N. Y. 9; *Christensen* v. *Eno,* 106 N. Y. 97; *Consolidated Copper Mines Corp.* v. *Nevada Consolidated Copper Co.,* 127 Misc. Rep. 71; *Franklin Lumber Co.* v. *Globe Indemnity Co.,* 130 Atl. Rep. 608; *Commonwealth of Pennsylvania* v. *Beals,* 139 Misc. Rep. 785.) The motion to dismiss the complaint for failure to state a cause of action was properly granted. (*Porter* v. *Kingsbury,* 5 Hun, 597; 71 N. Y. 588; *Wasserman* v. *Maston,* 140 Misc. Rep. 847; *Novak* v. *Equitable Casualty & Surety Co.,* 254 N. Y. Supp. 81.)

KELLOGG, J. The complaint alleges that plaintiff is a foreign corporation; that it was at all times licensed to do business in the State of New York; that the defendant is a

domestic corporation; that the defendant, in November, 1929, executed and delivered to the Board of Education of the city of Linden, New Jersey, its undertaking, a copy of which, marked Exhibit A, is attached to the complaint; that the plaintiff in February, 1930, entered into a contract with Walter A. Jensen, who had a contract with the aforesaid Board of Education for the erection of a school building; that the contract provided that the plaintiff would furnish all the material and perform all the labor necessary to complete the interior plastering, metal furring and lathing required in the erection of said building, for the sum of $19,750; that plaintiff fully performed his contract; that there remains a balance owing from Jensen of $1,546.02; that the defendant, by its undertaking given to the Board of Education, as aforesaid, among other things undertook that Jensen would " pay all lawful claims of sub-contractors, material men and laborers " in connection with the erection of the school building; that it further agreed that " this bond shall be for the benefit of any sub-contractor, any material men or laborers having a just claim;" that by reason of these facts the defendant was indebted to the plaintiff in the sum of $1,546.02, which sum had not been paid, although demanded. A motion was made, under rules 106 and 107 of the Rules of Civil Practice, to dismiss the complaint. The motion was noticed prior to the service of the answer, and was based upon the complaint and an affidavit of Harold W. Rudolph. The affidavit set up that the undertaking given was a bond required to be given by the statutes of New Jersey in like cases; that these statutes provided that any person performing labor or providing material, in order to secure the advantages of the bond, must furnish to the sureties thereon, within eighty days after the acceptance of the work by the municipality, a statement of the amount due to such person; that the plaintiff had not furnished the defendant with such a statement within the time limited. An

answering affidavit denied that the undertaking given was the statutory bond; that even if it were the plaintiff had sent the required notice to the defendant within the time limited. It appears from the order denying the motion that the only papers read upon the motion were the complaint and these affidavits. On appeal the order was reversed and the complaint dismissed.

Rule 106 provides for a motion to dismiss a complaint, where it appears on the face of the complaint: (1) That the court has not jurisdiction of the person; (2) that it has not jurisdiction of the subject-matter; (3) that the plaintiff has not legal capacity to sue; (4) that there is another action pending, or (5) that the complaint does not state a cause of action. None of the first four defects appeared on the face of the complaint. As to the fifth, the complaint stated a cause of action on a common-law bond, not one given pursuant to statute. Of course, it was not necessary to plead compliance with a statute the existence of which in a foreign jurisdiction was not disclosed by the pleading. There could, therefore, have been no dismissal properly made under rule 106.

Under rule 107 a motion for dismissal may be made, " on the complaint and affidavit," stating facts tending to show the defects specified in rule 106 which are numbered from one to four; likewise, on the additional grounds, (5) that there is a judgment existing finally determining the same cause of action between the parties; (6) that the cause of action did not accrue within the time limited; (7) that the claim has been released; (8) that the contract is unenforceable under the Statute of Frauds, or (9) that the cause of action did not accrue because of the infancy or disability of the defendant. The fact that there is a foreign statute governing the contract with the provisions of which the plaintiff has not complied is not a defect which, under rule 107, may be established by affidavit to defeat a complaint. The complaint was, therefore, not subject to dismissal on the ground that the plaintiff had

not given notice of its claim to the defendant, within eighty days of the completion of the work under the principal contract.

The only question which remains is whether or not facts appeared from the affidavit which tended to establish the second defect specified in rule 107, viz., " that the court has not jurisdiction of the subject of the action." Let us assume, without so deciding, that the statutes of New Jersey, asserted by the affidavit to exist, have application, for the reason that the bond given was a statutory and not a common-law bond. The question then resolves itself into this: May a remedy be granted in this State to enforce against a citizen thereof a promise, expressed in a bond, executed in a foreign State, pursuant to the requirements of a statute of that State? " The courts of this state are open to all suitors and will enforce transitory rights of action, where the liability asserted is recognized by the common law, is contractual in its nature and is not violative of our public policy. This obligation of comity is only denied, as before suggested, where a foreign statute is sought to be enforced against a citizen, which has created a liability, or has granted a remedy, unknown to the common law, or contrary to our declared policy." (Per GRAY, J., in *Hutchinson* v. *Ward*, 192 N. Y. 375, at p. 381.) The cause of action here is upon a contract voluntarily made; it is not unknown to the common law; it is not contrary to our declared policy; and neither liability nor remedy has been supplied by a foreign statute. The complaint, therefore, was not defective and should not have been dismissed.

The judgment of the Appellate Division should be reversed and the order of the Special Term affirmed, with costs in this court and in the Appellate Division. The plaintiff's appeal from the order should be dismissed, with costs.

POUND, Ch. J., CRANE, LEHMAN, O'BRIEN, HUBBS and CROUCH, JJ., concur.

Judgment accordingly.