CLARK PLASTERING COMPANY, Appellant, *v.* SEABOARD SURETY COMPANY, Respondent.

First Department, November 18, 1932.

*Gustave B. Garfield* of counsel [*Garfield & Seligson,* attorneys], for the appellant.

*Thomas Kiernan* of counsel [*Orison S. Marden* with him on the brief; *White & Case,* attorneys], for the respondent.

MARTIN, J. The complaint herein alleged that the plaintiff is a New Jersey corporation; that the defendant Seaboard Surety Company is a domestic corporation; that on November 29, 1929, defendant executed a common-law bond, which has no reference to any statute, by the terms of which bond the defendant undertook with the board of education of the city of Linden, N. J., that Walter A. Jensen should promptly pay all persons furnishing materials and labor required for the prosecution of the work on a high school to be erected in the city of Linden, N. J., and that the bond should be for the benefit of any subcontractor, materialmen or laborers having just claims, or who have furnished labor and material in carrying out the contract.

The plaintiff also alleges that it is one of the type of subcontractors mentioned in the bond; that on February 8, 1930, it entered into a contract with Walter A. Jensen to do the lathing and plastering work incident to the construction of the school building for the sum of $19,750; that it completed its work on or about October 24, 1930, in accordance with the contract, and there is due and owing to it a balance of $1,546.02 from Walter A. Jensen, no part of which has been paid, although duly demanded; that there is due and owing from the defendant to plaintiff the sum last mentioned, no part of which has been paid.

The complaint has been held sufficient by the Court of Appeals (*Clark Plastering Co.* v. *Seaboard Surety Co.*, 259 N. Y. 424).

Where a bond in its entirety is consistent with an intention that a third party and others in a like position should have the right to sue thereon, that right will be enforced at the instance of the third party, irrespective of description or name given to the bond.

The answer admits the making of the bond in question for failure to deny the same and sets forth a defense which is attacked on the ground that it is not sufficient in law. The defense is contained in paragraphs 3 to 9, inclusive, of the said answer, which alleges the awarding of the construction contract to Walter A. Jensen by the board of education of Linden, N. J., and sets up verbatim sections 107 — 149 C of the Cumulative Supplement to the Compiled Statutes of New Jersey (New Jersey Laws of 1918, chap. 75, as amd.). This statute describes the character and conditions of surety bonds required in the letting of public work, prescribes the form of such bonds and the liability of the sureties to subcontractors and others. The answer then alleges that the board of education required Jensen to furnish a bond conditioned as prescribed in the statute and that, after request by Jensen and in consideration of the usual premium, the defendant did execute and deliver to the board of education a bond conditioned as required by the statute and in

conformity with its provisions; that Jensen completed the work and on March 9, 1931, it was duly accepted by the board of education; that plaintiff has not complied with the provisions of the statute pursuant to which the bond was given, in that at no time since or before the acceptance of the work by the board of education has it furnished defendant with a statement of the amount due it from Jensen. The bond provides, in part, as follows: That the surety agrees and consents " that this bond shall be for the benefit of any sub-contractor, any materialmen or laborers having a just claim, as well as for the Board of Education of the City of Linden."

The defendant contends that the provision of the statute requiring the giving of notice within eighty days after the completion and acceptance of the building must be read into the bond and that the failure to give such notice would be a bar to this action, assuming that such notice were not given. The plaintiff contends that the bond in suit is a voluntary, common-law bond which is not required to conform to the statute nad is to be interpreted independently thereof.

In disposing of this phase of the litigation, the court at Special Term said: " Motion to strike out the separate defense is denied. The bond fully complies with the requirements of the statute in pursuance of which it is expressly alleged to have been exacted. That it also contains provisions which are not required by statute does not require the conclusion that the bond is not a statutory one."

There is no doubt that a municipality may require a bond known as a common-law bond, or may insist on a bond required by statute. If a bond is a common-law bond, the contractor may sue upon it, irrespective of whether it complies with the statute or fails to comply therewith. To be enforcible as a statutory bond, it must contain covenants bringing it within the provisions of the statute. This bond contains no such provisions.

In *Ordinary* v. *Cooley* (30 N. J. Law, 179) the court said: " It is certainly true that the bond altogether varies from the form prescribed; nevertheless it appears, by the record, to have been voluntarily given, and is not made void by statute. Such bonds have been uniformly held good in this court when they require nothing more than the law requires. *Woolwich* v. *Forrets*, Penn. 115; *The Mayor, etc., of Hoboken* v. *Harrison and others, ante,* 73. * * *

" This is an action to charge sureties, and not the administrator only, and is upon a bond entirely varient from the form prescribed, which has been held to be good only because it was voluntary. We have no right, under such circumstances, to say that the parties meant a bond with the statutory condition; the presumption is directly the other way.

" To extend such a condition by a violent construction would not only be illegal, but grossly unjust."

In *Emanuel* v. *McNeil* (87 N. J. Law, 499) the Court of Errors and Appeals held: " Our statute does not exact that a bond given in a form varying from that set out shall be void, and therefore, the recognizance in suit is good as a voluntary bond, and enforceable as such. It is the settled law of this State that a bond will be sustained as voluntary, although its form varies from that prescribed by statute, provided it is not otherwise unlawful."

In *Sooy* v. *State* (38 N. J. Law, 324) it was held, citing the case of *People* v. *Collins* (7 Johns. 554), that the general rule is that a bond, whether required or not by statute, is good at common law, if entered into voluntarily, and for a valuable consideration, and if not repugnant to the letter or policy of the law.

In *City of Mount Vernon* v. *Brett* (193 N. Y. 276) the Court of Appeals said: " The learned justices below assumed, without so deciding, that the penalty of the bond could be lawfully fixed only at the sum of $20,000, although they sanctioned its enforcement as a bond for $25,000. They were of the opinion that the liability of the sureties is measured, ' not by the language of the obligation assumed by them, but by the requirements of the statutes under which the obligation may be required and in conformity with which it purports to have been given.' (*City of Mount Vernon* v. *Kenlon*, 97 App. Div. 191, 197.)

" This position ignores the distinction between a common-law bond and a statutory bond, for the latter is one that conforms to a statute, which the former does not, although it was so intended."

There is no requirement in the bond sued upon herein to give any such notice as that which the respondent contends must be given by the plaintiff and pleaded in the complaint. Such a provision might have been inserted in the bond, but its absence indicates that no such notice was deemed necessary. It may have been deemed unwise to place any such restriction thereon.

The defense is upon the theory that the only bond that may be accepted by the municipality is the bond required by statute. It is evident that such is not the law.

The defense is insufficient in law, and should be dismissed. The order should, therefore, be reversed, with twenty dollars costs and disbursements, and the motion granted, with ten dollars costs.

FINCH, P. J., and TOWNLEY, J., concur; McAVOY, J., taking no part; O'MALLEY, J., dissents and votes for affirmance.

O'MALLEY, J. (dissenting). On the former appeal in a companion case herein (235 App. Div. 444) the majority declined

jurisdiction upon the ground that the bond involved was statutory and that the procedure for its enforcement being anomalous to our law we might not enforce its provisions. The two dissenting justices did not specifically predicate their decision upon the ground that the bond was not statutory, but held merely that a cause of action was stated. This view prevailed in the Court of Appeals (259 N. Y. 424), it being held that there was jurisdiction whether the bond was statutory or a common-law bond. While the bond was treated as a common-law bond viewed from the allegations of the complaint merely, when the pleading was considered in connection with affidavits setting forth the New Jersey statute, the court appears not to have committed itself to either view, holding merely that in any circumstance the courts of this State had jurisdiction of the action. For this reason I am of opinion that this court is committed to the view that the bond in question is a statutory bond.

I am of the opinion, therefore, that the defense pleaded is sufficient and I vote for an affirmance of the order.

Order reversed, with twenty dollars costs and disbursements, and motion granted, with ten dollars costs.