**MYERS, Plaintiff-Appellant, v COLUMBIA CASUALTY CO., Defendant-Appellee.**

Ohio Appeals, First District, Hamilton County.

No. 6772.   Decided May 5th, 1947.

Alfred H. Myers, Cincinnati, for plaintiff-appellant.
Rendigs & Fry, Cincinnati, for defendant-appellee.

## OPINION

By HILDEBRANT, J.

This is an appeal on questions of law by the plaintiff from a judgment for defendant, entered after the Common Pleas Court sustained a demurrer to the petition, the plaintiff declining to plead further.

The demurrer was based on three grounds:

"(1) That it appears on the face of the petition, and copy of the bond attached, that the Court has not jurisdiction of the subject matter of this action.

"(2) That it appears from the face of the petition, and copy of the bond attached, that the facts therein contained are not sufficient to state a cause of action in favor of the plaintiff and against this defendant.

"(3) That it appears from the face of the petition, and copy of the bond attached, that plaintiff has not legal capacity to sue."

The sole defendant is the surety on a bond given by the Executors of the estate of a Florida decedent, for the faithful performance of their duties.

Plaintiff, a resident of Cincinnati, Ohio, claims a breach of said bond by reason of the failure and refusal of the Executors to make distribution according to the will and the law.

Only the questions of law raised by the demurrer to the petition may be considered by the court and, since the entry in the Common Pleas Court is general, and any one ground of demurrer, if well taken, sufficient to sustain the judgment, we will consider the allegations of the petition in connection with each ground of demurrer separately.

The demurrer admits the proper and well-pleaded averments of the petition and whatever can by fair and reasonable intendment be implied therefrom. Only the facts appear-

ing upon the face of the petition are challenged by the demurrer, and these facts will be construed in a light most favorable to the plaintiff.

We consider first the second ground of demurrer and examine the petition to determine whether or not it states a cause of action.

The petition alleges the bond in suit to be an Executor's bond given incident to the settlement of the estate of a Florida testate decedent. It, therefore, appears from the face of the petition that the bond was executed in accordance with the statutory requirements of the State of Florida which become a part of the contract and govern it whenever its obligations are sought to be enforced. Those obligations depend upon the law under which the contract was made. 11 Am. Jur., 410, section 122. In this case, the laws of Florida, where the contract was made and where it was to be performed, control the obligations arising out of this particular contract. The petition also alleges that the administration of the Florida estate has now been closed, so that it appears from the face of the petition that all the statutory requirements incident and necessary to the administration of the will and estate here involved have been complied with, including those of final account and discharge.

Sec. 12,102-31 GC, requires that this Court take judicial notice of the laws of Florida here involved and the allegations above referred to will be regarded as spreading before this court whatever of authority there may exist in the laws of Florida for plaintiff's cause of action.

The Court is informed by reference to Laws of Florida— Regular and Extraordinary, 1945, Chapter 734 of Florida Probate Law and Fourth Part, wherein Section 734.04—Distribution provides in part: "Upon the approval of the final accounts of the personal representative, he shall surrender the possession of all real estate to the heir or devisee entitled thereto and pay over and distribute all personal property to those entitled thereto. An order of final discharge of the personal representative shall be evidence of such surrender or distribution, and unless revoked or unless reversed on appeal, shall be conclusive as to the rights of all heirs, devisees, legatees, and distributees."

From the above section it appears that an allegation of a revoking or reversal on appeal of the discharge would be necessary to give rise to an obligation on the bond. No such allegation is contained in this petition, and, for that reason, it fails to state a cause of action, and the demurrer on that ground should be and hereby is sustained.

In view of the foregoing, consideration of the first and third grounds of demurrer is not vital to the disposition of this case. However, as to the first ground of demurrer, we state.

The petition avers the giving of the bond by the Executors, with defendant as surety thereon, and the breach thereof, upon which the substantive right of recovery is grounded.

The substantive rights of plaintiff being grounded on the contractual obligation expressed in a bond, the action is a personal one, transitory in nature, and the Ohio rule of comity is that jurisdiction of such transitory action may be exercised by the court and an obligation resting in contract may be enforced in any jurisdiction where service may be had on the defendant. 32 O. Jur., pp. 210, 211. We quote with approval from Roseman v Fidelity & Deposit Co., 265 N. Y. S., at p. 560:

"As was stated in Clark Plastering Co. v Seaboard Surety Co., 259 N. Y. 429, 182 N. E. 71, 72: 'The question then resolves itself into this: May a remedy be granted in this State to enforce against a citizen thereof a promise, expressed in a bond, executed in a foreign State, pursuant to the requirements of a statute of that State? The courts of this state are open to all suitors and will enforce transitory rights of action, where the liability asserted is recognized by the common law, is contractual in its nature and is not violative of our public policy. This obligation of comity is only denied, as before suggested, where a foreign statute is sought to be enforced against a citizen, which has created a liability, or has granted a remedy, unknown to the common law, or contrary to our declared policy.' (Per Gray, J., in Hutchinson v Ward, 192 N. Y. 375, at page 381, 85 N. E. 390, 127 Am. St. Rep., 909.) The cause of action here is upon a contract voluntarily made; it is not unknown to the common law; it is not contrary to our declared policy; and neither liability nor remedy has been supplied by a foreign statute."

It was, therefore, error to sustain the first ground of demurrer.

As to the third ground of demurrer:—The petition does aver that both the law of Ohio as well as the provisions of Section 734.24 of the Florida Statutes authorize the bringing of this action.

Section 734.24 of the Florida Statutes provides:

"Any bond given by a personal representative or a curator, upon the breach thereof, may be put in suit and prosecuted

from time to time by the party damaged, in the name of the governor of the state for the use of the party damaged, until the whole penalty of said bond is recovered. The county judge shall deliver to any person on request and on payment of his legal fees for the same, a true copy of any bond given by any personal representative or curator, and such copy certified by said judge, with the seal of the court annexed, shall be prima facie proof of the bond."

That section merely states how suit on the bond may be maintained in Florida, but does not in any way attempt to provide an exclusive remedy. Plaintiff, invoking the jurisdiction of this forum, is governed by the remedial law of Ohio and appears to be the real party in interest and entitled also under §11,242 GC, to bring the suit.

It was, therefore, error to sustain the demurrer on the third ground.

The judgment is affirmed.

MATTHEWS, PJ, ROSS and HILDEBRANT, JJ, concur in Syllabus, Opinion and Judgment.