CAPRIOTTI, LEMON AND ASSOCIATES, INC., A NEVADA CORPORATION, AND GENERAL INSURANCE COMPANY OF AMERICA, A CORPORATION, APPELLANTS, v. JOHNSON SERVICE COMPANY, A CORPORATION. RESPONDENT.

No. 5445

May 3, 1968                    440 P.2d 386

---

*Eli Grubic,* of Reno, for Appellants.

*Gregory & Gregory,* of Las Vegas, for Respondent.

## OPINION

By the Court, ZENOFF, J.:

This is an appeal from summary judgment granted in favor of a subcontractor on a public improvement project against a surety bond.

Capriotti, Lemon and Associates, building contractor, entered into a contract with the Washoe County School Board for the

construction of additions to Agnes Risley School. At the time of the execution of the contract, the contractor and General Insurance Company of America, as surety, executed a payment bond in the amount of $248,445 to comply with the provisions of NRS 339.025(1)(b) in connection with the school construction contract.

Thereafter, the contractor subcontracted with Dave's Plumbing and Heating, Inc., for the school project; in turn, Dave's Plumbing and Heating, Inc., entered into a sub-subcontract with Johnsons Service Company to furnish and install a temperature control system in accordance with the construction plans and specifications. Johnson Service Company performed its contractual obligations with Dave's Plumbing and Heating, Inc., but subsequent to the completion of their portion of the work, Dave's Plumbing and Heating, Inc., went into bankruptcy owing Johnsons Service $3,580. Prior to the bankruptcy, the contractor had paid Dave's Plumbing and Heating all monies due under that subcontract. Unless Johnson Service Company can press its claim against the bonding company it will be unable to recover the $3,580 which has remained unpaid.

1.  Johnson contends that the 30-day notice requirement was satisfied by a brochure which was given to Dave's Plumbing and Heating who forwarded it to the contractor. Garff v. J. R. Bradley Co., 84 Nev. 79, 436 P.2d 428 (1968). (It is conceded that the 90-day notice requirement was satisfied.) The trial court held that the brochure did not constitute a notice under the statute with which we agree. The brochure does not set forth the amount claimed nor was it sent directly to the contractor by registered mail, both of which are statutory requirements.[1] Under ordinary circumstances anyone receiving the brochure could reasonably understand it to be no more than that and certainly not a notice that work was being commenced or materials furnished on any particular construction project. Nor would a contractor receiving such a brochure conclude that the supplier contemplated pursuing his statutory remedy against the contractor and surety in the event he was not paid in full.

2.  The trial court however did not base its decision on the

---

[1]NRS 339.035(2) reads in part: "Each written notice shall state with substantial accuracy the amount claimed and the name of the person for whom the work was performed or the material supplied, and shall be served by being sent by registered mail, postage prepaid, in an envelope addressed to such contractor at any place in which he maintains an office or conducts business, or at his residence."

notice requirement but chose instead to declare the bond a common-law bond instead of a statutory bond. If the court is correct, the statutory requirements of notice would not apply and the bonding company would be compelled to indemnify Johnson Service.

3. A bond given which is required by statute is deemed to be a statutory bond, and as such, the statutory provisions must be read into the bond and are operative by force of the statute without recitation of them in the bond. A common-law bond is a bond given though not required by any statute and the provisions are not prescribed by statute. For example, if a person builds a home he may require the contractor to provide a bond; that would be a common-law bond. The law imputes the provisions into the statutory bond whether written therein or not. If the law has made the instrument necessary, the parties are deemed to have had the law in contemplation when the contract was executed. Porter v. Eyer, 294 P.2d 661 (Ariz. 1956); Ellsworth v. Hurt, 146 P.2d 365 (Kan. 1944); Camdenton Consol. Sch. Dist. No. 6 v. New York Cas., 104 S.W.2d 319 (Mo. 1937). The authorities are overwhelming in favor of the foregoing.[2] Even Clark Plastering Co. v. Seaboard Surety Co., 260 N.Y.S. 468 (N.Y.App. 1932), relied upon by the trial court stands alone, for two subsequent decisions, Juliano v. Circle Construction Corp., 95 N.Y.S.2d 824 (N.Y. App. 1950), and Triple Cities Constr. Co. v. Dan-Bar Contracting Co., 136 N.Y.S.2d 459 (N.Y.App. 1954), supersede the earlier case and state the appropriate law on the subject.

The condition of the bond in the instant case recited in part, "The condition of the bond is such that whereas the principal entered into the contract annexed hereto * * *." The contract is between a general contractor and a public authority for the construction of a public project and the bond therefore is given as required by NRS Chapter 339, thus is a statutory bond. Johnson Service Company not having complied with the 30-day notice requirement its claim must fail in these proceedings.

Reversed. Judgment will be entered in favor of the defendant.

THOMPSON, C. J., COLLINS, BATJER, and MOWBRAY, JJ., concur.

---

[2]See cases collected in 77 A.L.R. 21; 118 A.L.R. 57; Decennial Digests, "Bonds," Key No. 50.