UNITED PACIFIC INSURANCE COMPANY, Appellant,
v. CHISM HOMES, INC., Respondent.

No. 16741

December 4, 1986                    728 P.2d 809

*Weiner, Waldman, Gordon & Silver,* and *Bradley J. Richardson,* Las Vegas; *Gerald R. Knecht,* San Francisco, California, for Appellant.

*William E. Crockett, Morton Galane,* Las Vegas, for Respondent.

## OPINION

*Per Curiam:*

In March of 1982, Chism Homes, Inc. (Chism), brought an action against its vice-president and secretary, Correna C. Phillips, for wrongful diversion of corporate funds. Also named as defendants in the action were Phillips' husband, Benjamin, along with Ben's Carpet and Interiors, Inc., a business operated by both Benjamin and Correna Phillips (hereinafter collectively as the Phillips).

After initiating the action, Chism served writs of attachment and garnishment against the Phillips' property securing the amount of damages claimed in the complaint, $190,077.25. Chism then amended the complaint changing the amount of alleged damages from $190,077.25 to $301,570.50. On filing the amended complaint, Chism served an amended writ of attachment for the same amount claimed in the amended complaint.

In the interim, pursuant to motions challenging the validity of the writs of attachment, the district court appointed a special master to determine the fair market values of two separate parcels of improved real property which had been designated, along with other items, in the writ of attachment. The special master reported the combined market value of the two properties to be a total of $460,000.00. The district court refused to discharge the writ of attachment, finding that it was valid.

Desiring to free their property from these writs, the Phillips sought an order discharging the attachments by filing a release of attachment bond pursuant to NRS 31.190(1).[1] The bond was

---

[1] NRS 31.190(1) provides:

> 31.190 Undertaking of defendant; determination of disputed value of property; justification by sureties.
> 1. On granting an order for discharge of attachment pursuant to NRS 31.180, the court or the judge shall require an undertaking on

executed by appellant United Pacific Insurance Company and contained the following indemnity provision:

> UNITED PACIFIC INSURANCE COMPANY . . . in consideration of the release from attachment of all of the property attached as above mentioned and the discharge of said attachment, hereby undertake in the sum of SIX HUNDRED THOUSAND AND 00/100 ($600,000.00) Dollars, in lawful money of the United States of America, and promises to the effect that the Defendants will pay to the Plaintiff the amount of the judgment which may be recovered in favor of the Plaintiff in the action, or the demand of the amended Writ of Attachment heretofore filed, whichever is less.

Noting that the bond sufficiently covered the full amount of Chism's claimed damages, the district court then ordered the Phillips' property released.

After trial, judgment was rendered in favor of Chism for $301,503.50, plus $227,700.11 in interest and $35,966.51 in costs, for a total of $565,170.12. Chism then brought a motion to enforce United Pacific's bond. United Pacific opposed the motion asserting that the real estate parcels, which were valued at $460,000.00 by the special master, were, in fact, subject to encumbrances which placed their net value at approximately $75,000.00. Because of the lower net value, United Pacific argued that its liability must be limited to the net value of the property attached by the writ rather than the full amount of the demand. The district court ordered United Pacific to pay the full amount of the judgment in accordance with the terms of the bonds.

It is true that an error was made in determining the amount of the bond. United Pacific urges us to place the blame for overvaluation of the property on the district court and contends that since NRS 31.190(1) requires the court to order the proper bond, the court has the responsibility of determining the proper conditions of the bond. United Pacific argues that since the court

---

behalf of the defendant, with at least two sureties, residents and freeholders, or householders, in the county which shall be filed:

(a) To the effect, in case the value of the property or the amount of money, debts, or credits sought to be released equals or exceeds the demand of the writ, that the defendant will pay to the plaintiff the amount of the judgment which may be recovered in favor of the plaintiff in the action or the demand of the writ, whichever is less; or

(b) To the effect, in case the value of the property or the amount of money, debts, or credits sought to be released is less than the demand of the writ, that the defendant will pay the amount of money, debts or credits, or value of the property sought to be released, in lawful money of the United States.

master failed to determine properly the net worth of the real property, the court erred in accepting the proffered bond for the full amount of the judgment rather than a bond limited to the net value of the property.

The district court did not order a release of the attachment bond in this case; rather, the bond was offered by the Phillips and United Pacific as an inducement for Chism to agree to a discharge of the writs. The bond was issued out of a private contract between the Phillips and United Pacific rather than in response to a court order.

Through subsection (1) of the statute the legislature merely prescribes the limitations on what type of bond the court *may* accept in the event that the court sees fit to order a discharge of the writs of attachment. These limitations are: (1) in the event that the value of the attached property is *greater* than the demand of the writ, the court may then accept a bond which covers the amount of the judgment or the demand on the face of the writ, whichever is greater, NRS 31.190(1)(a); or (2) in the event that the value of the attached property is *less* than the demand of the writ, the court may accept a bond for the value of the property sought to be released. NRS 31.190(1)(b).

We see no language in subsection (1) of this statute which creates a duty on the part of the court to determine which type of bond would be in the best interests of the surety. Indeed, this subsection of the statute appears to exist solely for the protection of the plaintiff. Subsection (1) only requires the court to ensure that a proffered bond is sufficient in amount to protect plaintiff's claim.

Phillips and United Pacific offered the bond under subsection (a) of NRS 31.190(1); the bond signified a promise to pay the amount of the judgment or the demand of the amended writ of attachment, whichever was less. Since the proffered bond fully protected Chism and therefore was within the limitations set by NRS 31.190(1), the trial court was entirely correct in accepting the bond without inquiring as to whether United Pacific had properly protected its contractual interests. Thus, even if the court would have been aware of the true net value of the parcels, it would have been under no obligation to order a bond of a lesser amount under subsection (1) (b). It was properly within the province of the district court to assume that Phillips and United Pacific were cognizant of the purpose and consequences of offering a bond under subsection (1) (a).

Although subsection (2) of NRS 31.190[2] does appear to place a duty upon the court to determine the value of property, United Pacific correctly abstained from arguing this subsection. The duty under subsection (2) arises only if the value of the subject property is in dispute. The record reflects that for the purposes of this bond, the value of the property was not in dispute, and therefore subsection (2) of NRS 31.190 does not apply in this case.

United Pacific also claims that this bond is a so-called "statutory" bond and that under the applicable rules of construction for such bonds, the language of the instrument should have been construed by the court to conform to subsection (1) (b) of NRS 31.190. This would, United Pacific argues, limit its liability to the net value of the property attached by the writ. United Pacific relies principally on Capriotti, Lemon & Assoc., Inc. v. Johnson Service Co., 84 Nev. 318, 440 P.2d 386 (1968).

The *Capriotti* case holds that when a bond required by a statute contains language inconsistent with the purpose of the statute, the language of the statute will be "read into" the bond so as to accomplish the purpose of the statute. *Capriotti,* above, 84 Nev. at 321, 440 P.2d at 387. United Pacific argues that even though the language in its bond recites the requirements of subsection (1) (a) of NRS 31.190, the court still should have "read" the language of subsection (1) (b) into the bond so as to limit liability to the net value of the real property designated in the writ. We do not agree.

Assuming, arguendo, that this kind of bond can be considered a "statutory bond" (we do not decide that issue), United Pacific's argument must still fail. The pertinent language in the bond is almost a verbatim recital of the language of subsection (1) (a) of NRS 31.190.[3] There is, as United Pacific stated, no discrepancy

---

[2]Subsection (2) of NRS 31.190 provides:

> 2. The value of the property sought to be released, if disputed, shall be determined by the court or judge thereof, upon proof or by a sworn appraiser or sworn appraisers, not exceeding three, to be appointed by the court or judge for that purpose.

[3]The pertinent language in the bond states:

> [A]nd promises to the effect that the Defendants will pay to the Plaintiff the amount of the judgment which may be recovered in favor of the Plaintiff in the action, or the demand of the amended Writ of Attachment heretofore filed, whichever is less.

The pertinent language of subsection (1) (a) of NRS 31.190 reads as follows:

> [T]hat the defendant will pay to the plaintiff the amount of the judgment which may be recovered in favor of the plaintiff in the action or the demand of the writ, whichever is less. . . .

between the language of the bond and the language of the statute which, under the rule cited above, would have prompted the lower court to "read" the provisions of subsection (1) (b) into the bond.

Further, as stated above, the purpose of subsection (1) of NRS 31.190 is to protect the plaintiff's claim in lieu of the writ of attachment. The purpose of subsection (1) does not appear to be for the protection of the surety. The language of the bond exhibits a clear intent to pay to Chism the full amount of the demand of the writ under subsection (1) (a). This language, therefore, needs no further construction to be consistent with the purpose of the statute. Since no discrepancy appears between the language of the statute and the bond, and since the purpose of NRS 31.190(1) has been fulfilled by that language, we conclude that the rule of construction cited above does not apply to the facts of this case. *See Capriotti, Lemon & Assoc. Inc.,* above.

Finally, United Pacific contends that affirming the district court's order would create a windfall in favor of Chism and that, therefore, on principles of equity, this court should reverse that order. We disagree.

Chism ultimately proved its losses at trial. Chism also relied solely on the bond as an inducement to agree to a discharge of the writ of attachment. The record reveals that an identical suit in South Carolina was dismissed after the court learned that the Phillips had posted a comprehensive bond in Nevada. We have no way of knowing the true amount of shortfall, if any, that Chism might have incurred without the benefit of United Pacific's bond because the value of any attachable property in South Carolina cannot be found in the record. However, if either Chism or United Pacific must accept a loss in this case, in light of Chism's reliance on the bond, it would seem to be more equitable for United Pacific to bear the loss, for it is the nature of its business to allocate such risks.

After careful consideration we have determined that appellant's remaining contentions contain no merit. We therefore affirm the order and judgment of the district court.