■ MOUNT FLORENCE GROUP, Appellant, v CITY OF PEEKSKILL et al., Respondents. (Action No. 1.) CITY OF PEEKSKILL, Respondent, v TRAVELERS INDEMNITY COMPANY, Appellant. (Action No. 2.) [652 NYS2d 814] —Mikoll, J. Appeal (transferred to this Court by order of the Appellate Division, Second Department) from an order of the Supreme Court (Burrows, J.), entered August 8, 1995 in Westchester County, which, upon reargument, inter alia, denied a motion by plaintiff in action No. 1 for summary judgment.

Plaintiff Mount Florence Group obtained a $1,000,000 subdivision performance bond (No. 600G1989) from defendant Travelers Indemnity Company on March 6, 1987 which guaranteed Mount Florence's observance of certain conditions pertaining to the approval of its subdivision plans by the City of Peekskill,[1] Westchester County. On July 6, 1988, Mount Florence obtained a $311,000 subdivision performance bond

---

1. The City of Peekskill is a defendant in action No. 1 and plaintiff in action No. 2. The City's Department of Planning and Development is the second

(No. 119J3647) concerning a different phase of the same subdivision. Each of the bonds have no time limitation but expressly provide that "if the Principal [Mount Florence] shall hereafter complete the improvements as specified on said Plat, then this obligation shall be void, otherwise to remain in full force and effect". Both bonds also provide that they are to "be construed under the laws of State of New York" without reference to any statute.

In January 1994 Mount Florence commenced action No. 1 seeking, *inter alia*, a declaration that its obligations under the bonds have been fulfilled. Peekskill instituted action No. 2 against Travelers requesting payment under the bonds. Mount Florence moved for summary judgment in its action claiming, *inter alia*, the expiration of the three-year Statute of Limitations provided in General City Law former § 33.[2] Peekskill moved in the same action to dismiss the amended complaint.

Supreme Court consolidated the two motions, found that the performance bonds were common-law bonds rather than statutory bonds, ruled that allegations of contractual relationship and performance thereunder properly stated a cause of action and denied Peekskill's motion. Supreme Court also denied Mount Florence's motion as premature.

Mount Florence applied for reconsideration of its motion urging that its motion was not premature, and Travelers requested reconsideration of Mount Florence's motion for summary judgment. Supreme Court acknowledged that it failed to realize that Peekskill's answer was to the amended complaint and ruled that issue had been joined. The court then granted reargument but adhered to its former ruling that the bonds were common-law bonds as a matter of law. This appeal by Mount Florence and Travelers followed entry of the court's order.

Mount Florence's and Travelers' primary argument is that Supreme Court erred in finding that the performance bonds were common-law bonds. They urge instead that the bonds were issued to meet the requirements of General City Law former § 33 and, absent any contradictory evidence, the bonds should be considered as statutory bonds; we reject this argument. A bond issued to meet a specific statutory obligation may not, as a matter of public policy, dilute the minimum statutory protections provided the statutory beneficiaries, and

---

defendant in action No. 1. Both the City and its Department are referred to herein as Peekskill.

2. General City Law § 33 was rewritten and expanded in 1995 (L 1995, ch 423, § 19) and retains the three-year provision (General City Law § 33 [8] [d]).

minimum requirements are read into the bond (*see, Dutchess Quarry & Supply Co. v Firemen's Ins. Co.*, 190 AD2d 36, 38-39). However, a bond issued to meet a specific statutory obligation that, rather than being contrary to public policy, furthers public policy by providing greater protections to the statutory beneficiary will be enforced according to its terms as a common-law bond (*see, Scaccia Concrete Corp. v Hartford Fire Ins. Co.*, 212 AD2d 225, 234). Here, Peekskill is the statutory beneficiary of the performance bonds. As the terms of the bonds extend the three-year protection afforded Peekskill under General City Law former § 33 and are not against public policy, the beneficial terms of the bonds are enforceable as a common-law bond (*see, supra*, at 234-235) and Supreme Court's ruling should not be disturbed.

Mount Florence's and Travelers' argument that they intended that the bonds only meet their minimum obligations under General City Law former § 33 is irrelevant, as the finding of a common-law obligation beyond the minimum requirements of General City Law § 33 is permissible (*see, id.*). The language of the bonds expressing expansion of the minimum time requirement is specific and unambiguous (*cf., Triple Cities Constr. Co. v Dan-Bar Contr. Co.*, 285 App Div 299, 304-305, *affd* 309 NY 665). Evidence of the intention of Mount Florence and Travelers is inadmissible in that evidence outside the four corners of a clear and unambiguous document regarding what was meant but unstated or misstated is generally inadmissible to add to or vary the writing (*see, W.W.W. Assocs. v Giancontieri*, 77 NY2d 157, 162; *see also, Hartford Acc. & Indem. Co. v Wesolowski*, 33 NY2d 169, 172).

Mount Florence's and Travelers' claim that three references by Peekskill to General City Law former § 33 are formal judicial admissions that the bonds were statutory bonds is not compelling. These references do not constitute formal judicial admissions (*see, Scolite Intl. Corp. v Vincent J. Smith, Inc.*, 68 AD2d 417, 421), which conclusively assume some fact in substitution of evidence (*see*, 9 Wigmore, Evidence § 2588, at 821 [Chadbourn rev 1981]; Prince, Richardson on Evidence, § 8-215, at 524 [Farrell 11th ed]). Moreover, the references do not contradict Peekskill's position that a surety's promise which goes beyond the statutory requirements to provide the statutory beneficiary with greater rights and benefits than the minimum set forth by statute is a common-law bond and is an enforceable common-law obligation as written (*see, Merchant Mut. Cas. Co. v United States Fid. & Guar. Co.*, 253 App Div 151; *Clark Plastering Co. v Seaboard Sur. Co.*, 237 App Div 274, 277).

Cardona, P. J., White and Yesawich Jr., JJ., concur. Ordered that the order is affirmed, with costs.