■ MODERN MOSAIC, LTD., Appellant-Respondent, v SWEET ASSOCIATES, INC., et al., Respondents-Appellants, et al., Defendants. [806 NYS2d 246]—

Rose, J. Cross appeals from an order of the Supreme Court (Benza, J.), entered July 6, 2004 in Albany County, upon a decision of the court in favor of plaintiff.

In October 1996, defendant Sweet Associates, Inc. (hereinafter defendant), a general contractor, subcontracted with plaintiff for fabrication and installation of approximately 500 precast concrete panels on the exterior of a building to be constructed by defendant. Plaintiff, in turn, subcontracted installation of the panels to Brownell Steel, Inc. After completion of the work, plaintiff commenced this action to recover the balance owed on the subcontract as well as damages for, among other things, defendant's delay of the start date for installation of the panels. When plaintiff moved for summary judgment for the balance owed on the subcontract, Supreme Court partially granted the motion and left for trial the issues of damages for delay and the accrual date for prejudgment interest.

Following a nonjury trial, Supreme Court found that, among other things, plaintiff failed to establish a fixed start date for the installation of the precast panels and dismissed all of its claims for delay damages. The court did, however, award prejudgment interest on the contract balance calculated from 30 days after plaintiff submitted its final invoice. Plaintiff now appeals, and defendant and its surety, defendant National Union Fire Insurance Company of Pittsburgh, cross-appeal.

Citing the parties' stipulation of facts before trial, plaintiff argues that the original start date for installation was shown to have been May 1997 and, thus, Supreme Court erred in dismissing its claim to recover the costs incurred for transportation and storage of the panels resulting from defendant's postponement of the start date until September 1997. However, as the subcontract required plaintiff to perform the work "in accordance with the project schedule developed by [defendant]," we cannot agree. Although the initial planned start date was established as being in May 1997, the record supports the court's conclusions that the date was changed after the subcontract was executed, defendant had the right to make such changes and such changes were anticipated by the parties. Significantly, the subcontract gave defendant the authority to set the schedule and placed no limits on its exercise of that authority. Plaintiff failed to reserve the right to limit changes in the schedule, its president testified that he had known the schedule could change and, although plaintiff complained about the start date "slipping away" in August 1997, at no time did it ask for a fixed start date. In addition, the minutes of job site meetings, at least one of which was provided to plaintiff before it began fabricating the panels, listed a September 1997 planned date for the precast installation. As a result, Supreme Court correctly found that defendant's postponement of the start date did not constitute a breach of the subcontract.

Next, plaintiff failed to establish its claim for damages allegedly arising from defendant's failure to provide Brownell with exclusive use of a tower crane for installation of the panels. There was an agreement that Brownell would be able to use the crane and, for this accommodation, defendant received a credit of $80,000. However, there was no provision in that agreement, subcontract amendment No. 1, that gave plaintiff or Brownell exclusive use of the crane (*see Van Vleet v Rhulen Agency*, 180 AD2d 846, 848-849 [1992]). Evidence of a contrary intention is inadmissible to add to or vary the writing where it is outside the four corners of a clear and unambiguous contract document (*see e.g. Mount Florence Group v City of Peekskill*, 235 AD2d 787, 789 [1997]).

Turning finally to the issue of the proper date for accrual of prejudgment interest, we cannot agree with defendant's claim that the "pay when paid" provision of the subcontract required Supreme Court to use a later date. Since that provision was expressly deleted in section 33 of the subcontract's supplemental conditions and agreements, we find no error in Supreme Court's decision to use the 30-day payment provision of the prime contract in determining when plaintiff's cause of action accrued (*see* CPLR 5001 [b]).

Crew III, J.P., Peters, Mugglin and Lahtinen, JJ., concur. Ordered that the order is affirmed, without costs.