Garry, J.
(dissenting). I respectfully dissent. At the outset, it must be noted that defendant Ariadne Singares (hereinafter defendant) failed to object or to seek relief for more than a year following receipt of the subject contract from plaintiff. When this action was commenced, defendant did not assert a defense of fraud or unconscionability. Thereafter, in the affidavits submitted upon this appeal, defendant did not claim that there was any failure of consideration, other than plaintiffs failure to execute and return the power of attorney, a separate document left wholly unmentioned and unaddressed within the subject contract.
Against this backdrop, the majority determination nonetheless reaches for parol evidence outside the contract in an effort to relieve defendant of the unfortunate consequences of her attorney’s poor draftsmanship. This necessarily results in undermining longstanding principles of contract law. In contract analysis, the “vital first step” is that “before looking to *1243 evidence of what was in the parties’ minds, a court must give due weight to what was in their contract” (W.W.W. Assoc. v Giancontieri, 77 NY2d 157, 162 [1990]). Here, the majority instead allows an improper reliance upon the parol evidence to examine the parties’ intent, in derogation of the clear and unambiguous terms of their contract.
It is well settled that “when parties set down their agreement in a clear, complete document, their writing should as a rule be enforced according to its terms. Evidence outside the four corners of the document as to what was really intended but unstated or misstated is generally inadmissible to add to or vary the writing” (id. at 162 [citations omitted]; see Stevens & Thompson Paper Co., Inc. v Niagara Mohawk Power Corp., 49 AD3d 1011, 1012-1013 [2008]; Mount Florence Group v City of Peekskill, 235 AD2d 787, 789 [1997]). Moreover, “courts may not by construction add or excise terms, nor distort the meaning of those used and thereby make a new contract for the parties under the guise of interpreting the writing” (Stevens & Thompson Paper Co., Inc. v Niagara Mohawk Power Corp., 49 AD3d at 1013 [internal quotation marks and citations omitted]). Nowhere within this plainly worded, one-page contract does the term or any reference to a “power of attorney” appear, nor does the contract contain anything that would render it ambiguous or remotely susceptible to differing interpretations. It is solely by first reviewing and resorting to the parol evidence that any support may be found for the conclusion that the parties’ agreement included a commitment by plaintiff to provide a power of attorney as consideration.
This case does not truly fall within the narrow exception to the parol evidence rule permitting consideration of parol evidence “to show that what appears to be a contractual obligation is, in fact, no obligation at all” (Paolangeli v Cowles, 208 AD2d 1174, 1175 [1994] [internal quotation marks and citation omitted]). As applied in our cases, including those cited by the majority, this limited exception applies only where a party alleges that a document, although appearing to be a contract, was never intended by the parties to operate as such (see Paolangeli v Cowles, 208 AD2d at 1175 [parol evidence admissible where “not offer(ed) ... to vary the terms of (a) promissory note, but rather to show that the note was never intended to take effect”]; Kamp v Fiumera, 69 AD3d 1168, 1170 [2010] [parol evidence may be considered when offered “not merely to contradict the express terms of (a) note, but ... to demonstrate that the note was never intended to be an obligation enforceable against (the defendant)” (internal quotation marks *1244 and citations omitted)]; see also Greenleaf v Lachman, 216 AD2d 65, 65-66 [1995], lv denied 88 NY2d 802 [1996] [parol evidence admissible to show that “the parties never considered (the purported loan agreement to be) a binding debt”]). Here, in contrast, neither party argues that they did not intend to enter into an enforceable contract; instead, the parties’ sole dispute pertains to whether the contract should have included an additional, unstated form of consideration. The expansive interpretation of this exception, as advanced here, threatens to swallow the parol evidence rule itself by allowing any dissatisfied party to call an unambiguous contract into doubt by simply suggesting that some other, additional consideration beyond that set forth in the contract was contemplated.
Finally, “the commonplace recital of ‘other good and valuable consideration’ does not render the . . . contract ambiguous or incomplete” (Schron v Troutman Sanders LLP, 20 NY3d 430, 436-437 [2013]). If this nearly universal language may be used to read ambiguity into a contract, there is hardly a contract in existence that is not thereby rendered susceptible to judicial second-guessing. This would then ultimately result in precisely the climate of uncertainty that the parol evidence rule was designed to prevent. In a variety of contexts we are called upon to disregard evidence that — although clearly probative to the case at hand — simply cannot be considered without threatening fundamental principles of law, based upon sound underlying policy. I find the exercise of such restraint to be necessary here. Accordingly, I must dissent.
Ordered that the order and judgment are modified, on the law, without costs, by reversing so much thereof as granted plaintiffs motion for summary judgment and denied defendant Ariadne Singares’ cross motion insofar as it sought summary judgment dismissing the complaint; motion denied, cross motion granted to that extent, and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court’s decision; and, as so modified, affirmed.